# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**20**

**CA 10-01950**

PRESENT: SCUDDER, P.J., PERADOTTO, CARNI, GREEN, AND GORSKI, JJ.

---

KENT G. HUMPHREY, INDIVIDUALLY AND AS EXECUTOR OF
THE ESTATE OF MARY E. HUMPHREY, DECEASED,
PLAINTIFF-APPELLANT,

V                          MEMORANDUM AND ORDER

SHEILA F. GARDNER, M.D., ET AL., DEFENDANTS,
AND GENEVA GENERAL HOSPITAL, DEFENDANT-RESPONDENT.

---

DEMPSEY & DEMPSEY, BUFFALO (HELEN KANEY DEMPSEY OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

BROWN & TARANTINO, LLC, BUFFALO (ANN M. CAMPBELL OF COUNSEL), FOR
DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (Frederick J. Marshall, J.), entered November 27, 2009 in a medical malpractice action. The order, insofar as appealed from, granted the motion of defendant Geneva General Hospital for summary judgment dismissing the amended complaint.

It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, the motion of defendants Sheila F. Gardner, M.D., Gardner Anesthesiology Services, P.C. and Geneva General Hospital is denied with respect to defendant Geneva General Hospital and the amended complaint is reinstated against that defendant.

Memorandum: Plaintiff, individually and as executor of the estate of his wife (decedent), appeals from an order insofar as it granted that part of the motion of Sheila F. Gardner, M.D., Gardner Anesthesiology Services, P.C. and Geneva General Hospital (defendants) for summary judgment dismissing the amended complaint against the latter defendant (hereafter, Hospital) in this medical malpractice action. We agree with plaintiff that Supreme Court erred in granting the motion with respect to the Hospital inasmuch as defendants failed to meet their "initial burden of establishing the absence of any departure from good and accepted medical practice or that the plaintiff['s decedent] was not injured thereby" with respect to the Hospital (*Williams v Sahay*, 12 AD3d 366, 368; *see James v Wormuth*, 74 AD3d 1895). "Where, as here, an expert's affidavit fails to address each of the specific factual claims of negligence raised in [the] plaintiff's bill of particulars, that affidavit is insufficient to support a motion for summary judgment as a matter of law" (*Larsen v*

*Banwar*, 70 AD3d 1337, 1338; *see Terranova v Finklea*, 45 AD3d 572; *Kuri v Bhattacharya*, 44 AD3d 718).  In this case, the affidavit of defendants' expert did not address several claims of negligence raised in the amended complaint, as amplified by the bill of particulars, including, inter alia, the Hospital's alleged failure to call a code and initiate cardiopulmonary resuscitation (CPR) in a timely manner.  Indeed, defendants' own submissions suggest that there may have been a delay of 15 minutes between the discovery of decedent unresponsive in her hospital bed and the initiation of CPR, a delay that defendants' expert failed to address in his affidavit.  Consequently, that part of defendants' motion with respect to the Hospital should have been denied, regardless of the sufficiency of plaintiff's opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853; *Larsen*, 70 AD3d at 1338).

Entered:  February 10, 2011                    Patricia L. Morgan
                                               Clerk of the Court