# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**332**

**CA 12-01576**

PRESENT: SCUDDER, P.J., FAHEY, SCONIERS, VALENTINO, AND MARTOCHE, JJ.

---

ROSEMARY WELSH, AS ADMINISTRATOR OF
THE ESTATE OF JOHN C. WELSH, DECEASED,
PLAINTIFF-RESPONDENT,

V                                                            MEMORANDUM AND ORDER

ST. ELIZABETH MEDICAL CENTER,
DEFENDANT-APPELLANT.

---

GALE GALE & HUNT, LLC, SYRACUSE (MATTHEW J. VAN BEVEREN OF COUNSEL),
FOR DEFENDANT-APPELLANT.

BOTTAR LEONE, PLLC, SYRACUSE (AARON J. RYDER OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Oneida County (Anthony F. Shaheen, J.), entered December 13, 2011. The order denied the motion of defendant for summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: This medical malpractice action arises out of an incident in which plaintiff's decedent, a developmentally disabled adult, allegedly sustained injuries, including a fractured hip, as a result of a fall from an X ray table at defendant hospital. Plaintiff initially commenced this action as decedent's guardian and the caption was amended after decedent died from a cause unrelated to the claims made in this action. We reject defendant's contention that Supreme Court erred in denying its motion for summary judgment dismissing the complaint. Defendant failed to meet its " 'initial burden of establishing the absence of any departure from good and accepted medical practice or that the plaintiff['s decedent] was not injured thereby' " (*Humphrey v Gardner*, 81 AD3d 1257, 1258; *see James v Wormuth*, 74 AD3d 1895, 1895). With respect to decedent's fall from the X ray table, defendant failed to present competent proof that it did not deviate from the applicable standard of care when the technician left the room to develop the X rays that had just been taken, with decedent still on the table.

Contrary to defendant's further contention, it also failed to establish as a matter of law that decedent's injuries were not caused by the fall that is the subject of this action (*see Humphrey*, 81 AD3d at 1258). In support of its motion, defendant offered the affidavit

of decedent's physician who opined that, based on hospital records and his prior knowledge of decedent, the subject fall did not cause decedent's hip fracture and other injuries for which damages are sought in this action.  The record establishes that decedent remained in the hospital for about four days after the subject fall, when he was discharged under plaintiff's care, and that his hip fracture and other injuries were diagnosed and treated approximately four days after that initial discharge, when he was readmitted to the hospital. We conclude that defendant failed to meet its initial burden on the issue of causation because, inter alia, the proof regarding decedent's symptoms and physical condition between the date of his fall and initial discharge is inconsistent, and defendant failed to present proof of an alternative cause of decedent's hip fracture and other injuries.

Entered:  March 22, 2013                    Frances E. Cafarell
                                            Clerk of the Court