# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1256**
**CA 13-00221**
PRESENT: SMITH, J.P., FAHEY, CARNI, VALENTINO, AND WHALEN, JJ.

---

JOSEPH P. SAWYER, SR. AND DONNA L. SAWYER,
PLAINTIFFS-APPELLANTS,

V                                    MEMORANDUM AND ORDER

KALEIDA HEALTH, DEFENDANT-RESPONDENT.

---

DENIS A. KITCHEN, JR., WILLIAMSVILLE, FOR PLAINTIFFS-APPELLANTS.

GIBSON, MCASKILL & CROSBY, LLP, BUFFALO (MARK D. ARCARA OF COUNSEL),
FOR DEFENDANT-RESPONDENT.

-----------------------------------------------------------------------------------

    Appeal from an order of the Supreme Court, Erie County (John M. Curran, J.) entered November 13, 2012. The order granted the motion of defendant for summary judgment dismissing the complaint.

    It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is denied, and the complaint is reinstated.

    Memorandum: Plaintiffs commenced this medical malpractice action seeking damages for injuries allegedly sustained by Joseph P. Sawyer, Sr. (plaintiff) when one of defendant's employees inserted a catheter into plaintiff in connection with defendant's treatment of plaintiff. We conclude that Supreme Court erred in granting defendant's motion seeking summary judgment dismissing the complaint. Defendant had " 'the initial burden of establishing the absence of any departure from good and accepted medical practice or that the plaintiff was not injured thereby' " (*Gagnon v St. Joseph's Hosp.*, 90 AD3d 1605, 1605; *see Humphrey v Gardner*, 81 AD3d 1257, 1258). Although defendant's expert, i.e., plaintiff's treating nurse, averred that neither she nor any of defendant's employees deviated from accepted medical practice, we agree with plaintiffs that the medical records submitted by defendant in support of the motion raise an issue of fact on that point with respect to plaintiff's treating nurse (*see Valenti v Camins*, 95 AD3d 519, 522; *see generally Humphrey*, 81 AD3d at 1258). In view of our determination, we do not consider the sufficiency of plaintiffs' submissions in opposition to the motion (*see Winegrad v N.Y. Univ. Med. Ctr.*, 64 NY2d 851, 853).

Entered: December 27, 2013                  Frances E. Cafarell
                                           Clerk of the Court