■ DOMINICK A. SAPIENZA, as Administrator of the Estate
of JAMES A. SAPIENZA, Deceased, Respondent, v COUNTY OF
ERIE, Defendant, and AMERICAN NATIONAL RED CROSS et al.,
Appellants. (Appeal No. 1.) [705 NYS2d 455] —Order insofar as
appealed from unanimously reversed on the law without costs,
motion granted and amended complaint and cross claim
against defendants American National Red Cross and Greater
Buffalo Chapter of American National Red Cross dismissed.
Memorandum: This action stems from the death of plaintiff's
decedent after he received blood that was collected and
distributed by defendants American National Red Cross and
Greater Buffalo Chapter of the American National Red Cross
(collectively Red Cross defendants). Defendant County of Erie
(County) received the blood from the Red Cross defendants and
administered the blood transfusion to decedent at the Erie
County Medical Center (ECMC). Plaintiff, as administrator of
decedent's estate, commenced this action alleging negligence
causes of action against the Red Cross defendants and
negligence and medical malpractice causes of action against
the County. The Red Cross defendants moved for summary
judgment dismissing the amended complaint and cross claim,
and the County moved for summary judgment dismissing the
amended complaint.

Supreme Court erred in denying the motion of the Red Cross
defendants. For purposes of their motion, the Red Cross
defendants accepted as true that decedent received blood that
was collected by them, that the blood decedent received was
contaminated with enterobacter cloacae bacteria, and that the
bacteria caused decedent's death. In support of their motion,
the Red Cross defendants submitted the affidavits of their
medical director and a medical expert. Those physicians opined
that, based upon their review of the deposition transcripts and
the records kept by the Red Cross defendants, including the
blood donation records and blood testing records, the Red Cross
defendants properly collected, stored, tested and transported
the blood received by decedent. The Red Cross defendants
thereby established their entitlement to judgment as a matter
of law (see, Winegrad v New York Univ. Med. Ctr., 64 NY2d
851, 853; Zuckerman v City of New York, 49 NY2d 557, 562),
and in opposition, plaintiff failed to raise a triable issue of fact.

Plaintiff may not rely on the doctrine of res ipsa loquitur to
defeat the motion of the Red Cross defendants. Application of

that doctrine is appropriate "only when the plaintiff can establish three elements: '(1) the event must be of a kind which ordinarily does not occur in the absence of someone's negligence; (2) it must be caused by an agency or instrumentality within the exclusive control of the defendant; [and] (3) it must not have been due to any voluntary action or contribution on the part of the plaintiff.' (Prosser, Torts § 39, at 218 [3d ed]; *see, Dermatossian v New York City Tr. Auth.*, 67 NY2d 219, 226)" (*Ebanks v New York City Tr. Auth.*, 70 NY2d 621, 623). Here, negligence is not the only inference that may be drawn from the circumstances of this case; the bacteria may have been present in the blood donor and not detected by the Red Cross defendants without any negligence on their part. Furthermore, the contaminated blood was not in the exclusive control of the Red Cross defendants. We thus reverse the order in appeal No. 1 insofar as appealed from, grant the motion of the Red Cross defendants and dismiss the amended complaint and cross claim against them.

The court, however, properly denied the motion of the County. In support thereof, the County submitted only the conclusory affidavit of an ECMC nurse who averred that it was standard hospital policy and procedure to follow ·ECMC's guidelines for the safe transfusion of blood. Thus, the County failed to meet its initial burden of establishing its entitlement to judgment as a matter of law (*see, Winegrad v New York Univ. Med. Ctr., supra,* at 853; *Zuckerman v City of New York, supra,* at 562). (Appeal from Order of Supreme Court, Erie County, Mintz, J.—Summary Judgment.) Present—Pigott, Jr., P. J., Green, Pine, Hayes and Hurlbutt, JJ.