■ **Vladymir Mendez et al.,** Respondents, v **City of New York et al.,** Defendants, and **New York City Health and Hospitals Corporation,** Appellant. [744 NYS2d 847] —In an action to recover damages for medical malpractice, etc., the defendant New York City Health and Hospitals Corporation appeals from an order of the Supreme Court, Queens County (Schulman, J.), dated March 20, 2001, which denied its motion

for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellant, and the action against the remaining defendants is severed.

The defendant New York City Health and Hospitals Corporation (hereinafter NYCHHC) established through medical records and competent expert affidavits that it did not deviate or depart from accepted medical practice in its treatment of the plaintiffs (*see Estate of Mollo v Rothman,* 284 AD2d 299; *Berger v Becker,* 272 AD2d 565; *Amsler v Verrilli,* 119 AD2d 786). Thus, the Supreme Court properly determined that it made a prima facie showing of entitlement to summary judgment. The burden then shifted to the plaintiffs to present competent evidence sufficient to raise a triable issue of fact (*see Alvarez v Prospect Hosp.,* 68 NY2d 320). "General allegations of medical malpractice, merely conclusory in nature and unsupported by competent evidence tending to establish the essential elements of the claim, are insufficient to defeat" a motion for summary judgment (*Holbrook v United Hosp. Med. Ctr.,* 248 AD2d 358, 359). The expert testimony presented by the plaintiffs failed to demonstrate that NYCHHC departed from an accepted standard of care in its treatment of them (*see Yasin v Manhattan Eye, Ear & Throat Hosp.,* 254 AD2d 281; *Domaradzki v Glen Cove Ob/Gyn Assoc.,* 242 AD2d 282; *Gross v Friedman,* 138 AD2d 571, *affd* 73 NY2d 721). The affidavit contained only bare conclusory allegations and assumed facts not supported by the evidence (*see Alicea v Tuerk,* 271 AD2d 557; *Kaplan v Hamilton Med. Assoc.,* 262 AD2d 609; *Tucker v Elimelech,* 184 AD2d 636). Even assuming that NYCHHC breached this standard of care, there is no evidence that the breach was a proximate cause of the infant plaintiff's injuries. Accordingly, as the plaintiffs failed to rebut NYCHHC's prima facie showing of entitlement to summary judgment, the complaint should have been dismissed insofar as asserted against it. Altman, J.P., S. Miller, McGinity and Schmidt, JJ., concur.