■ ARLENE STREISAND et al., Respondents, v DANIEL WEST et al., Defendants, and WENDY FRIED et al., Appellants. [757 NYS2d 600] —In an action to recover damages for medical malpractice, etc., the defendants Wendy Fried and Northern Obstetrics & Gynecology, P.C., appeal from an order of the Supreme Court, Nassau County (Mahon, J.), entered August 7, 2002, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the defendants Wendy Fried and Northern Obstetrics & Gynecology, P.C., and the action against the remaining defendants is severed.

This medical malpractice action involves the alleged failure to timely diagnose breast cancer. On September 8, 1998, the defendant Wendy Fried, an obstetrician/gynecologist, and shareholder of the defendant Northern Obstetrics & Gynecology, P.C., discovered a small "mobile nodule" on the right breast of the plaintiff Arlene Streisand during a routine breast examination. Dr. Fried sent the plaintiff for a mammogram and right breast ultrasound, and instructed her to return in one month for a follow-up examination. The radiology report of the defendants Daniel West and Nassau Radiologic Group, P.C., revealed a simple cyst with no suspicious findings.

Notwithstanding the negative imaging studies, Dr. Fried performed a subsequent breast examination in October 1998, and finding a persistent palpable nodule, referred the plaintiff to the defendant Charles C. Conte, a surgical oncologist, for further evaluation and treatment. Thereafter, the plaintiff was treated for her breast condition by Dr. Conte, the defendant Dr. James Sullivan, and other oncology specialists. On April 6, 1999, the plaintiff underwent a lumpectomy and axillary lymph-node biopsy, and on April 13, 1999, was diagnosed with Stage II carcinoma of the right breast.

The appellants established through medical records, the deposition testimony of Dr. Fried and the plaintiff, and a competent expert affidavit, that they did not deviate or depart from accepted medical practice inasmuch as Dr. Fried promptly sent the plaintiff for diagnostic testing upon detection of the nodule, and appropriately referred her to a surgical oncologist for further evaluation and treatment (*see Mendez v City of New York*, 295 AD2d 487 [2002]; *Yasin v Manhattan Eye, Ear & Throat Hosp.*, 254 AD2d 281, 282 [1998]). Thus, the appellants made a prima facie showing of entitlement to summary judgment as a matter of law (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). In opposition, the plaintiffs failed to present competent evidence sufficient to raise a triable issue of fact (*see Alvarez v Prospect Hosp., supra* at 326-327). We note in this regard that the plaintiffs' medical expert failed to establish that it was incumbent upon Dr. Fried to independently ensure that a biopsy was performed (*see Donnelly v Finkel*, 226 AD2d 671, 672 [1996]; *Chulla v DiStefano*, 242 AD2d 657, 658 [1997]; *Kleinert v Begum*, 144 AD2d 645, 647 [1988]). Accordingly, as the plaintiffs failed to rebut the appellants' prima facie showing of entitlement to summary judgment, the complaint should have been dismissed insofar as asserted against them. Santucci, J.P., Schmidt, Adams and Cozier, JJ., concur.