■ ALICE M. DARLING, Individually and as Executrix of ROBERT J. DARLING, Deceased, Respondent, v NORMAN SCOTT, M.D., et al., Appellants. [849 NYS2d 142]—

Appeals from an order of the Supreme Court, Wayne County (Dennis M. Kehoe, A.J.), entered April 20, 2007 in a medical malpractice and wrongful death action. The order denied defendants' motions for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motions are granted and the complaint is dismissed.

Memorandum: Plaintiff commenced this medical malpractice and wrongful death action individually and on behalf of the estate of her husband (decedent), alleging, inter alia, that defendants failed to diagnose and treat decedent's cancer in a timely manner. At an appointment with defendant Norman Scott, M.D. on June 13, 2001, decedent complained of a lump on the right side of his neck, as well as nausea, dizziness, tightness in his neck and shoulders, and skin irritation in two areas. Dr. Scott palpated the lump and determined that it was most likely harmless based upon its small size and soft, mobile character.

Dr. Scott recommended that the lump be observed and did not order any further tests. Over the next several months, decedent visited his primary care physician and a nurse practitioner, both employees of defendants Canal Park Family Medicine and Clifton Springs Hospital and Clinic, and they each described decedent's neck as supple, with no lumps. In March 2002, decedent again complained about a mass on the right side of his neck and was referred to a surgeon. He was then diagnosed with mantle cell lymphoma. We agree with defendants that Supreme Court erred in denying their motions for summary judgment dismissing the complaint. Defendants met their initial burden by submitting an expert's affidavit establishing that they did not deviate from accepted medical practice in treating decedent (*see Mendez v City of New York*, 295 AD2d 487 [2002]), and plaintiff failed to raise a triable issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). In opposition to the motions, plaintiff submitted the affidavit of an expert that contained only " '[g]eneral allegations of medical malpractice, [which were] merely conclusory in nature and unsupported by competent evidence tending to establish the essential elements of the claim' " (*Mendez*, 295 AD2d at 488; *see Alvarez v Prospect Hosp.*, 68 NY2d 320, 325 [1986]). Present—Gorski, J.P., Martoche, Smith, Peradotto and Green, JJ.