■ DALE LAKE et al., Respondents, v KALEIDA HEALTH, Doing Business as MILLARD FILLMORE GATES HOSPITAL, et al., Defendants, and RAM PRAKASH SHARMA, M.D., et al., Appellants. [872 NYS2d 822]—

Appeal from an order of the Supreme Court, Erie County (Diane Y. Devlin, J.), entered October 23, 2007 in a medical malpractice action. The order denied the motion of defendants Ram Prakash Sharma, M.D. and Lisa Hastings, C.R.N.A. for summary judgment.

It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs, the motion is granted and the complaint against defendants Ram Prakash Sharma, M.D. and Lisa Hastings, C.R.N.A. is dismissed.

Memorandum: Plaintiffs commenced this medical malpractice action seeking damages for back injuries allegedly sustained by Dale Lake (plaintiff) when he was moved and/or positioned in connection with a surgical procedure performed on his left thumb. Supreme Court erred in denying the motion of Ram Prakash Sharma, M.D., the anesthesiologist, and Lisa Hastings, C.R.N.A., the anesthesia nurse (collectively, defendants), seeking summary judgment dismissing the complaint against them. Defendants met their initial burden by submitting the affidavit of an expert establishing that they did not deviate from accepted medial practice in their care and treatment of plaintiff (*see Darling v Scott*, 46 AD3d 1363, 1364 [2007]). Plaintiffs

failed to raise a triable issue of fact by submitting the affidavit of an expert that contained only "[g]eneral allegations of medical malpractice, [which were] merely conclusory in nature and unsupported by competent evidence tending to establish the essential elements of [medical malpractice]" (*Mendez v City of New York*, 295 AD2d 487, 488 [2002]; *see Alvarez v Prospect Hosp.*, 68 NY2d 320, 325 [1986]). We further conclude that the record does not support plaintiffs' allegation that the alleged injuries to plaintiff could not occur in the absence of negligence and thus, contrary to plaintiffs' contention, the doctrine of res ipsa loquitur does not apply to defeat defendants' motion (*see Hoffman v Pelletier*, 6 AD3d 889, 891 [2004]; *Sapienza v County of Erie*, 270 AD2d 907, 907-908 [2000]). Present—Scudder, P.J., Hurlbutt, Martoche, Green and Gorski, JJ.