# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**689**

**CA 10-00432**

PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, GORSKI, AND MARTOCHE, JJ.

---

WALDEMAR H. JURKOWSKI, BY EDWARD C. COSGROVE,
GUARDIAN OF HIS PERSON AND PROPERTY,
PLAINTIFF-APPELLANT,

V                                          MEMORANDUM AND ORDER

SHEEHAN MEMORIAL HOSPITAL, ET AL., DEFENDANTS,
AND BHAVANSA PADMANABHA, M.D.,
DEFENDANT-RESPONDENT.
(APPEAL NO. 1.)

---

EDWARD C. COSGROVE, BUFFALO (PHILIP H. MAGNER, JR., OF THE FLORIDA
BAR, ADMITTED PRO HAC VICE, OF COUNSEL), FOR PLAINTIFF-APPELLANT.

GIBSON, MCASKILL & CROSBY, LLP, BUFFALO (SALLY J. BROAD OF COUNSEL),
FOR DEFENDANT-RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (Joseph D. Mintz, J.), entered December 29, 2009 in a medical malpractice action. The judgment, inter alia, dismissed the second amended complaint against defendant Bhavansa Padmanabha, M.D.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff, Waldemar H. Jurkowski, by the guardian of his person and property, appeals from three judgments, each of which dismissed the second amended complaint in this medical malpractice action against one of the defendants. We note at the outset that we previously denied, with leave to renew at oral argument of the appeals, the motions of each defendant to dismiss the appeal from the judgment against that defendant based upon plaintiff's alleged failure to perfect the appeal by the deadline set by this Court. Defendants renewed their motions at oral argument and, upon further consideration, we adhere to our original decision to deny the motions.

We reject plaintiff's contention in each appeal that Supreme Court erred in denying his motion to set aside the jury verdict as against the weight of the evidence (*see generally* CPLR 4404 [a]). "A jury's verdict--particularly one rendered in favor of . . . defendant[s] in a negligence action--will not be disturbed unless the evidence is found to preponderate so heavily in favor of the losing party that 'the jury could not have reached its verdict on any fair interpretation of the evidence' " (*Monahan v Devaul*, 271 AD2d 895,

895-896; *see Lolik v Big V Supermarkets*, 86 NY2d 744, 746), and that is not the case here. According to plaintiff, defendants were negligent by, inter alia, allowing plaintiff to leave the emergency room of defendant Sheehan Memorial Hospital (Hospital) without an adequate understanding of the severity of his medical condition. The jury was presented with conflicting versions of the circumstances surrounding plaintiff's decision to leave the emergency room prior to receiving a diagnosis, and we decline to disturb the jury's resolution of the resulting credibility issues (*see Hall v Prestige Remodeling & Home Repair Serv.*, 192 AD2d 1098).

Contrary to plaintiff's further contention in each appeal, the court properly determined that the additional allegations in the "supplemental" bills of particulars, including the allegation that the Hospital and defendant Bhavansa Padmanabha, M.D. failed to physically restrain plaintiff from leaving the emergency room, are new and distinct theories of liability not previously raised (*see Barrera v City of New York*, 265 AD2d 516, 518; *Orros v Yick Ming Yip Realty*, 258 AD2d 387; *see generally* CPLR 3043 [b]). Thus, although labeled as "supplemental," they were actually amended bills of particulars. Inasmuch as the amended bills of particulars were served without leave of the court after the note of issue was filed, they were a nullity with respect to those newly alleged theories (*see Bartkus v New York Methodist Hosp.*, 294 AD2d 455; *Barrera*, 265 AD2d at 518). We also reject plaintiff's contention in each appeal that the court abused its discretion in denying plaintiff's motion to quash the subpoena of defendant Madan G. Chugh, M.D. concerning the testimony of the guardian of plaintiff's person and property (guardian). The guardian has the authority to make decisions regarding plaintiff's finances and medical treatment (*see generally* Mental Hygiene Law § 81.21 [a]; § 81.22 [a]), and he therefore is in a unique position to testify with respect to plaintiff's future care and plans (*see generally Kooper v Kooper*, 74 AD3d 6, 16-17).

We reject plaintiff's contention in appeal No. 3 that the court erred in granting the Hospital's motion for a directed verdict at the close of plaintiff's case with respect to the claims for direct negligence against the Hospital regarding its non-physician employees inasmuch as plaintiff failed to present evidence of negligence that was attributable to any of those employees (*see generally* CPLR 4401).

Finally, we have reviewed plaintiff's remaining contentions in each appeal and conclude that they are without merit.

Entered: June 17, 2011                                Patricia L. Morgan
                                                     Clerk of the Court