CHAIM HERMAN, Respondent, v PATRICIA KVETON-CATTANI, Appellant. [999 NYS2d 528]—

In an action to recover damages for medical malpractice, the defendant appeals from so much of an order of the Supreme Court, Rockland County (Walsh II, J.), dated August 20, 2013, as denied those branches of her motion which were pursuant to CPLR 3211 (a) to dismiss the first, second, third, seventh, and eighth causes of action.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the defendant's motion which were pursuant to CPLR 3211 (a) to dismiss the first, second, third, seventh, and eighth causes of action are granted.

The plaintiff commenced this action to recover damages for medical malpractice against, among others, cosmetic surgeon Robert Cattani and his wife, the defendant, Patricia Kveton-Cattani. The original complaint asserted only one cause of action against Kveton-Cattani, which alleged that she and Cattani fraudulently concealed assets. In an order entered March 20, 2013, the cause of action asserted against Kveton-Cattani was severed by the Supreme Court. The plaintiff subsequently amended the complaint in this action to add additional causes of action against Kveton-Cattani. Insofar as relevant to this appeal, the first through third and seventh causes of action of the amended complaint sounded in medical malpractice, and alleged that Kveton-Cattani held herself out as a medical assistant and partner in her husband's practice, and failed to use reasonable care in her treatment of the plaintiff in connection with a cosmetic surgical procedure. In an affidavit, the plaintiff stated that Kveton-Cattani was present at Cattani's office, assisted at the office, sat at the front desk, and "basically ran the office." The plaintiff also stated that Kveton-Cattani was "present in the operating room" during the subject procedure. The eighth cause of action sounded in negligent infliction of emotional distress, alleging that Kveton-Cattani failed to permit the plaintiff access to "rescue EMTs." Specifically, as explained by the plaintiff in his affidavit, after the completion of the surgical procedure, Kveton-Cattani and Cattani "lock[ed] the door of the operating room and clos[ed] the lights in an effort to prevent" the plaintiff from obtaining access to emergency medical technicians.

Kveton-Cattani moved to dismiss the complaint, and the Supreme Court denied those branches of her motion which were to dismiss the first, second, third, seventh, and eighth causes of action. We reverse.

"In considering a motion to dismiss for failure to state a cause of action pursuant to CPLR 3211 (a) (7), the sole criterion is whether from the complaint's 'four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law' " (*Davis v South Nassau Communities Hosp.*, 119 AD3d 512, 514 [2014], *lv granted* 24 NY3d 905 [2014], quoting *Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977] [some internal quotation marks omitted]; *see Sokol v Leader*, 74 AD3d

1180, 1180-1181 [2010]). The court must afford the complaint a liberal construction, "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *see Davis v South Nassau Communities Hosp.*, 119 AD3d at 514, *Woss, LLC v 218 Eckford, LLC*, 102 AD3d 860, 860 [2013]; *Sokol v Leader*, 74 AD3d at 1180-1181).

Viewing the complaint in the light most favorable to the plaintiff, even as amplified by the plaintiff's affidavit (*see Leon v Martinez*, 84 NY2d at 87-88; *Sokol v Leader*, 74 AD3d at 1180-1181), the complaint failed to state a cause of action alleging medical malpractice. The plaintiff's factual allegations failed to state that Kveton-Cattani herself actually rendered or attempted to render any medical care or treatment to the plaintiff (*see Davis v South Nassau Communities Hosp.*, 119 AD3d at 514; *D'Elia v Menorah Home & Hosp. for the Aged & Infirm*, 51 AD3d 848, 850 [2008]; *Rodriguez v Saal*, 43 AD3d 272, 274 [2007]; *Zimmerly v Good Samaritan Hosp.*, 261 AD2d 614 [1999]; *Lee v City of New York*, 162 AD2d 34, 36 [1990]; *cf. Shajan v South Nassau Communities Hosp.*, 99 AD3d 786, 786 [2012]; *see also Jurkowski v Sheehan Mem. Hosp.*, 85 AD3d 1672, 1674 [2011]). The complaint also failed to state a cause of action alleging negligent infliction of emotional distress (*see Ornstein v New York City Health & Hosps. Corp.*, 10 NY3d 1, 6 [2008]; *Baumann v Hanover Community Bank*, 100 AD3d 814, 816 [2012]).

In light of the foregoing, we need not reach the defendant's remaining contentions.

Accordingly, the Supreme Court should have granted those branches of the defendant's motion which were pursuant to CPLR 3211 (a) to dismiss the first, second, third, seventh, and eighth causes of action. Skelos, J.P., Dickerson, Austin and Maltese, JJ., concur.