Braxton v Erie County Med. Ctr. Corp. (2022 NY Slip Op 04866)

Braxton v Erie County Med. Ctr. Corp.

2022 NY Slip Op 04866

Decided on August 4, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 4, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, NEMOYER, CURRAN, AND WINSLOW, JJ.

545 CA 21-00799

[*1]JOHN M. BRAXTON, AS ADMINISTRATOR OF THE ESTATE OF SHEILA M. BRAXTON, DECEASED, PLAINTIFF-APPELLANT,
v
ERIE COUNTY MEDICAL CENTER CORPORATION, ET AL., DEFENDANTS, AND KALEIDA HEALTH, DOING BUSINESS AS BUFFALO GENERAL HOSPITAL, DEFENDANT-RESPONDENT. (APPEAL NO. 1.) 

LAW OFFICE OF J. MICHAEL HAYES, BUFFALO (J. MICHAEL HAYES OF COUNSEL), FOR PLAINTIFF-APPELLANT.
ROACH, BROWN, MCCARTHY & GRUBER, P.C., BUFFALO (JOHN PATRICK DANIEU OF COUNSEL), FOR DEFENDANT-RESPONDENT. 

 Appeal from an order of the Supreme Court, Erie County (Frederick J. Marshall, J.), entered May 13, 2021. The order granted in part the motion of defendant Kaleida Health, doing business as Buffalo General Hospital, for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying those parts of the motion of defendant Kaleida Health, doing business as Buffalo General Hospital, with respect to the claims and cross claims against it based on the alleged failure of defendant Andrew Poreda, M.D. to document the medical record of plaintiff's decedent, request a neurological consult, order appropriate lab studies, properly monitor decedent's symptoms, and appropriately respond to decedent's complaints, signs, and symptoms; based on the alleged failure of defendant Joseph Riedy Jr., D.O. to document the medical record, consult with decedent's primary care physician, order diagnostic films earlier, request a neurological or other consult earlier, and order appropriate lab work; and based on the alleged negligence of Kaleida Health's other staff members, excluding Andrew Poreda, M.D., Joseph Riedy Jr., D.O., Samir A. Bute, M.D., and Nida Arabi, M.D., and reinstating those claims and cross claims to that extent, and as modified the order is affirmed without costs.
Memorandum: Plaintiff's decedent commenced this action seeking damages for injuries that she allegedly sustained as a result of defendants' negligence in failing to diagnose and treat a cervical abscess. Thereafter, defendants Kaleida Health, doing business as Buffalo General Hospital (Kaleida), Andrew Poreda, M.D. and University Emergency Medical Services, Inc. (UEMS), and Erie County Medical Center Corporation (ECMC) filed motions for summary judgment dismissing the amended complaint and cross claims against them. Defendant Joseph Riedy Jr., D.O. moved for summary judgment dismissing the amended complaint against him.
In appeal No. 1, plaintiff appeals from an order that, inter alia, granted the motion of Kaleida with respect to the claims and cross claims against it based on Poreda's alleged failure to document decedent's medical record, request a neurological consult, order appropriate lab studies, properly monitor decedent's symptoms, and appropriately respond to decedent's complaints, signs, and symptoms (Kaleida-Poreda claims); and based on Riedy's alleged failure to document the medical record, consult with decedent's primary care physician, order diagnostic films earlier, request a neurological or other consult earlier, and order appropriate lab work (Kaleida-Riedy claims). The order also granted the motion with respect to the claims and cross claims against Kaleida based upon the alleged negligence of Samir A. Bute, M.D. and Nida Arabi, M.D., inasmuch as those doctors never treated decedent (Bute-Arabi claims), and based [*2]upon the alleged negligence of Kaleida's other staff, excluding Bute, Arabi, Poreda and Riedy (Kaleida staff claims). In appeal No. 2, plaintiff appeals from an order that, inter alia, granted the motion of Poreda and UEMS with respect to those claims and cross claims against them related to Poreda's alleged failure to consult with decedent's family members, because that contention was not contained within the bill of particulars and amended complaint; and Poreda's alleged failure to review a report of November 18, 2013, order a neurological consult, order appropriate lab studies, and monitor decedent's vitals, because plaintiff's experts failed to address those allegations, which were set forth in the bill of particulars (UEMS-Poreda claims). The order also granted that motion with respect to claims and cross claims against UEMS based upon the actions of Riedy inasmuch as Riedy was not employed by UEMS (UEMS-Riedy claims). The order further granted the motion with respect to claims and cross claims against UEMS based on the alleged negligence of its other staff members (i.e., those other than Poreda and Riedy) related to decedent's care in November 2013 because, inter alia, plaintiff failed to connect the alleged negligent acts to a specific employee in the bill of particulars and the amended complaint, and because the allegations made by plaintiff's emergency medicine expert regarding the negligent acts of unnamed actors—such as the failure to read decedent's CT scan of November 13 and to order a urinalysis or ultrasound on November 15—were not contained within the bill of particulars and the amended complaint (UEMS staff claims). In appeal No. 3, plaintiff appeals from an order that denied Riedy's motion and, in appeal No. 4, plaintiff appeals from an order that granted ECMC's motion.
Inasmuch as the order in appeal No. 3 denied Riedy's motion, plaintiff is not aggrieved by that order (see Benedetti v Erie County Med. Ctr. Corp., 126 AD3d 1322, 1323 [4th Dept 2015]), and the appeal from that order must therefore be dismissed (see Kavanaugh v Kavanaugh, 200 AD3d 1568, 1571 [4th Dept 2021]; Caffrey v Morse Diesel Intl., 279 AD2d 494, 494 [2d Dept 2001]).
Regarding appeal No. 1, we agree with plaintiff that Supreme Court erred in granting Kaleida's motion with respect to the Kaleida-Poreda claims, the Kaleida-Riedy claims, and the Kaleida staff claims. We therefore modify the order in appeal No. 1 accordingly. Even assuming, arguendo, that Kaleida met its initial burden on the motion with respect to those claims, we conclude that plaintiff raised triable issues of fact by submitting the affirmations of his medical experts (see Haas v F.F. Thompson Hosp., Inc., 86 AD3d 913, 914 [4th Dept 2011]; see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Here, we conclude that "[t]he conflicting opinions of the experts for plaintiff and [Kaleida] with respect to causation and [the] alleged deviation[s] [of Kaleida's staff] from the accepted standard of medical care present credibility issues that cannot be resolved on a motion for summary judgment" (Ferlito v Dara, 306 AD2d 874, 874 [4th Dept 2003]; see Cooke v Corning Hosp., 198 AD3d 1382, 1383 [4th Dept 2021]). We note that plaintiff does not challenge that part of the order granting Kaleida's motion with respect to the Bute-Arabi claims, and plaintiff has therefore abandoned any contention with respect thereto (see Ciesinski v Town of Aurora, 202 AD2d 984, 984 [4th Dept 1994]).
In appeal No. 2, we agree with plaintiff that the court erred in granting the motion of UEMS and Poreda with respect to the UEMS staff claims and the UEMS-Poreda claims, and we therefore modify the order in appeal No. 2 accordingly. Even assuming, arguendo, that UEMS and Poreda met their initial burden on the motion with respect to those claims, we conclude that plaintiff raised triable issues of fact by submitting the affirmations of his medical experts (see Haas, 86 AD3d at 914; see generally Zuckerman, 49 NY2d at 562). Contrary to the court's determination, plaintiff did not improperly raise new theories of liability regarding those claims in the affirmations of his experts submitted in opposition to the motion of UEMS and Poreda. In determining whether a new theory of liability has been alleged by a plaintiff in opposition to a defendant's motion for summary judgment, we must initially focus on the allegations in the complaint (see generally Darrisaw v Strong Mem. Hosp., 74 AD3d 1769, 1770 [4th Dept 2010], affd 16 NY3d 729 [2011]). The amended complaint here is especially detailed, setting forth specific dates, times, medical providers, and treatment that was, and was not, provided. Further, in a medical malpractice action, a plaintiff's bill of particulars need only make a "reasonable attempt to amplify the pleading, limit the proof and prevent surprise at trial" (Randall v Pech, 51 AD2d 864, 865 [4th Dept 1976] [internal quotation marks omitted]). Here, plaintiff's bills of particulars to UEMS and Poreda make a reasonable attempt to amplify the allegations in the amended complaint. To the extent that the court relied on Walker v Caruana (175 AD3d 1807 [4th Dept 2019]) in determining that plaintiff improperly alleged new theories of liability in [*3]opposition to the motion of UEMS and Poreda, Walker is distinguishable. Unlike in Walker, here there has been no change in theory of liability, and it has consistently been plaintiff's theory that defendants failed to properly diagnose and treat decedent's cervical abscess (see Jeannette S. v Williot, 179 AD3d 1479, 1481 [4th Dept 2020]). We note that plaintiff does not challenge that part of the order granting the motion of UEMS and Poreda with respect to the UEMS-Riedy claims, and plaintiff has therefore abandoned any contention with respect thereto (see Ciesinski, 202 AD2d at 984).
In appeal No. 4, we agree with plaintiff that the court erred in granting the motion of ECMC, and we therefore reverse the order in that appeal. Even assuming, arguendo, that ECMC met its initial burden on the motion, we conclude that plaintiff raised triable issues of fact by submitting the affirmations of his medical experts (see Haas, 86 AD3d at 914; see generally Zuckerman, 49 NY2d at 562). Contrary to the court's determination, plaintiff was not required to provide the name of every allegedly negligent actor engaging in conduct within the scope of employment for ECMC (see generally Goodwin v Pretorius, 105 AD3d 207, 216 [4th Dept 2013]) inasmuch as ECMC was on notice of the claims against it based on the allegations in the amended complaint, as amplified by plaintiff's bill of particulars to ECMC, noting failures and omissions by ECMC's employees. Indeed, ECMC is in the best position to identify its own employees and contractors and, as the creator of decedent's medical records, ECMC had notice of who treated decedent and of any allegations of negligence by its nursing staff.
Entered: August 4, 2022
Ann Dillon Flynn
Clerk of the Court