Heinrich v Serens (2023 NY Slip Op 03086)

Heinrich v Serens

2023 NY Slip Op 03086

Decided on June 9, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 9, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, PERADOTTO, BANNISTER, AND OGDEN, JJ.

20 CA 21-01527

[*1]KENNETH HEINRICH, INDIVIDUALLY AND AS ADMINISTRATOR OF THE ESTATE OF DAVID ALAN HEINRICH, DECEASED, PLAINTIFF-RESPONDENT,
v
KELLEY A. SERENS, N.P., LAUREN PIPAS, M.D., AMY PATEL, M.D., DEFENDANTS-APPELLANTS, ET AL., DEFENDANTS. (APPEAL NO. 1.) 

LETITIA JAMES, ATTORNEY GENERAL, ALBANY (DUSTIN J. BROCKNER OF COUNSEL), FOR DEFENDANT-APPELLANT AMY PATEL, M.D.
SUGARMAN LAW FIRM, LLP, SYRACUSE (JENNA W. KLUCSIK OF COUNSEL), FOR DEFENDANTS-APPELLANTS KELLEY A. SERENS, N.P., AND LAUREN PIPAS, M.D.
SIDNEY P. COMINSKY, LLC, SYRACUSE (SIDNEY P. COMINSKY OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 

 Appeals from an order of the Supreme Court, Onondaga County (Joseph E. Lamendola, J.), entered September 3, 2021. The order, insofar as appealed from, denied in part the motion of defendants Kelley A. Serens, N.P., and Lauren Pipas, M.D., for summary judgment and denied the motion of defendant Amy Patel, M.D., among others, insofar as it sought summary judgment dismissing the amended complaint against Patel. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff, individually and as administrator of the estate of David Alan Heinrich (decedent), commenced this medical malpractice action against defendants, alleging, inter alia, that decedent's death was caused by their negligent care and treatment of decedent while he was a patient at Upstate University Hospital (Upstate), i.e., their failure to diagnose and treat decedent's gastrointestinal bleeding, which led to decedent's untimely death from internal hemorrhaging. As relevant here, plaintiff alleged that defendants Kelley A. Serens, N.P. and Lauren Pipas, M.D. were negligent during their treatment of decedent in the emergency department, that Pipas was also negligent in failing to properly supervise Serens, that defendant Amy Patel, M.D. was negligent in her capacity as a first-year resident and admitting intern to the medical floor, and that defendant Vivian Chan, M.D. was negligent in her capacity as a second-year resident and leader of the rapid response team (RRT). Serens and Pipas moved for summary judgment dismissing the amended complaint and all cross-claims against them, and Patel and Chan, among others, moved for summary judgment dismissing the amended complaint against them. Supreme Court denied the motion of Serens and Pipas with respect to the claims against them based upon decedent's admission to Upstate on March 9, 2017 (March 9 claims). The court also denied the motion of Patel and Chan, among others, with respect to Patel, but granted that motion with respect to Chan. In appeal No. 1, Serens, Pipas, and Patel appeal from the ensuing order. In appeal No. 2, Chan appeals from an order that, inter alia, granted plaintiff's motion for leave to reargue his opposition to the motion of Patel and Chan, among others, insofar as it sought summary judgment dismissing the amended complaint against Chan and, upon reargument, denied the motion to that extent.
In appeal No. 1, we reject the contention of Serens and Pipas that the court erred in [*2]denying their motion with respect to the March 9 claims against them. Preliminarily, there is no dispute that Serens and Pipas met their initial burden on that part of their motion by submitting, inter alia, the expert affirmation of an emergency medicine practitioner, who addressed each of the factual allegations of negligence with respect to Serens and Pipas raised in the bill of particulars and established that they each complied with the applicable standard of care and that their "alleged departures from good and accepted medical practice [in the emergency department] were not the proximate cause" of decedent's death (Humbolt v Parmeter, 196 AD3d 1185, 1188 [4th Dept 2021]; see Dziwulski v Tollini-Reichert, 181 AD3d 1165, 1165-1166 [4th Dept 2020], lv denied 37 NY3d 901 [2021]; see also Bubar v Brodman, 177 AD3d 1358, 1359-1360 [4th Dept 2019]). The expert further opined that Pipas did not fail to adequately supervise Serens or any other hospital employee who treated decedent in the emergency department and that no alleged failure to supervise contributed to his death.
Contrary to the contentions of Serens and Pipas, however, we conclude that plaintiff raised triable issues of fact sufficient to defeat their motion with respect to the March 9 claims against them by submitting, inter alia, an expert affirmation from an emergency medicine practitioner establishing both that Serens and Pipas "deviated from the applicable standard of care and that such deviation was a proximate cause of [decedent's death]" (Leberman v Glick, 207 AD3d 1203, 1205 [4th Dept 2022] [internal quotation marks omitted]). Plaintiff's expert explained that decedent presented to the emergency department with signs that he was suffering from gastrointestinal bleeding. The signs included blood work showing a 10% drop in decedent's hemoglobin and hematocrit levels together with doubling of decedent's blood urea nitrogen level over a period of three days, the fact that decedent had been using drugs to treat preexisting conditions that were known to cause gastrointestinal bleeding, and the fact that decedent had presented to the emergency department after experiencing syncope, i.e., passing out, earlier that day. Plaintiff's expert opined that both Serens and Pipas breached the standard of care in failing to recognize the significance of those symptoms and in failing to order appropriate testing or an appropriate consult with a specialist to rule out gastrointestinal bleeding, which in turn delayed diagnosis and treatment and "diminished [decedent's] chance of a better outcome" (Clune v Moore, 142 AD3d 1330, 1331 [4th Dept 2016] [internal quotation marks omitted]; see Leberman, 207 AD3d at 1206; Jeannette S. v Williot, 179 AD3d 1479, 1481 [4th Dept 2020]). Thus, the conflicting expert opinions submitted by plaintiff and Serens and Pipas "presented a 'classic battle of the experts' precluding summary judgment" in favor of Serens and Pipas with respect to the March 9 claims against them (Jeannette S., 179 AD3d at 1481; see Leberman, 207 AD3d at 1206; Stradtman v Cavaretta [appeal No. 2], 179 AD3d 1468, 1471 [4th Dept 2020]).
We have reviewed Pipas's remaining contention and conclude that it does not warrant reversal or modification of the order.
In appeal No. 1, Patel contends that the court erred in denying the motion of her and Chan, among others, with respect to Patel because she did not exercise any independent medical judgment in her capacity as the medical admitting intern and thus was not liable for decedent's death. Patel met her initial burden on that part of the motion by submitting, inter alia, the affidavit of an expert who opined that Patel's participation in decedent's care and treatment was limited to performing a physical examination of decedent, reviewing decedent's medical history, and presenting decedent's case telephonically to her attending physician, defendant Lynn Marie Cleary, M.D., in order for Cleary to determine whether to admit decedent to the medical floor and for Cleary to authorize a treatment plan upon his admission. The expert concluded that, in that limited role, Patel made no independent medical decisions (see Wulbrecht v Jehle, 92 AD3d 1213, 1214 [4th Dept 2012]; see generally Hatch v St. Joseph's Hosp. Health Ctr., 174 AD3d 1404, 1405 [4th Dept 2019]).
We reject Patel's contention that plaintiff failed to raise a question of fact in opposition. Plaintiff's experts, an internal medicine physician and a general surgeon, opined that Patel failed to recognize the signs of, inter alia, decedent's gastrointestinal bleed, failed to properly interpret the decrease in decedent's hematocrit and hemoglobin levels, failed to monitor decedent's blood work and order appropriate testing and, after improperly exercising her own medical judgment concerning the significance of decedent's symptoms and test results, failed to seek appropriate guidance from and timely consult with Cleary. Plaintiff's experts further opined that the foregoing failures delayed diagnosis and treatment of decedent's internal hemorrhaging, thereby [*3]decreasing decedent's likelihood of recovery and increasing his risk of death. The experts' opinions are supported by deposition testimony raising an issue of fact whether Patel was able to, and in fact did, exercise independent medical judgment by placing orders for certain testing and treatment without prior approval from or appropriate supervision by Cleary (see Burnett-Joseph v McGrath, 158 AD3d 526, 527 [1st Dept 2018]; cf. Bieger v Kaleida Health Sys., Inc., 195 AD3d 1473, 1474-1475 [4th Dept 2021]; see also Karen D. v Hoon Choi, 179 AD3d 1448, 1448-1449 [4th Dept 2020]). The opinions of plaintiff's experts "squarely oppose[]" the opinion of Patel's expert, and the issue of Patel's alleged negligence "is properly left to a [factfinder] for resolution" (Blendowski v Wiese [appeal No. 2], 158 AD3d 1284, 1286 [4th Dept 2018]; see Leberman, 207 AD3d at 1206; Jeannette S., 179 AD3d at 1481).
In appeal No. 2, we conclude that Chan met her initial burden with respect to claims arising out of her treatment of decedent during the RRT response by submitting an expert affidavit establishing that she did not depart from good and accepted medical practice (see Allen v Grimm, 208 AD3d 1589, 1590 [4th Dept 2022]). Chan failed to establish that any alleged deviation was not a proximate cause of decedent's death, however, inasmuch as her expert's opinion was conclusory as to that issue (see Fargnoli v Warfel, 186 AD3d 1004, 1005 [4th Dept 2020]; see also Occhino v Fan, 151 AD3d 1870, 1871 [4th Dept 2017]). Thus, the burden shifted to plaintiff to raise a question of fact on the issue of deviation only (see Allen, 208 AD3d at 1590; see generally Bubar, 177 AD3d at 1359).
We reject Chan's contention that plaintiff failed to meet that burden. Plaintiff's experts opined that the administration of certain medication to stabilize decedent's blood pressure without taking additional measures was, in light of decedent's symptoms, a breach of the applicable standard of care. Plaintiff's experts noted that Chan had testified at her deposition that she alone, in her capacity as the leader of the RRT, made the decision to administer that medication, thereby raising an issue of fact whether Chan exercised independent medical judgment for which she could be held liable despite her status as a resident physician (see generally Karen D., 179 AD3d at 1448-1449). We thus conclude that plaintiff raised an issue of fact in opposition to the motion of Patel and Chan, among others, with respect to Chan (see generally Leberman, 207 AD3d at 1206; Stradtman, 179 AD3d at 1471; Mason v Adhikary, 159 AD3d 1438, 1439 [4th Dept 2018]).
Entered: June 9, 2023
Ann Dillon Flynn
Clerk of the Court