■ LEONARD ROSPIERSKI, Appellant, v JEAN G. HAAR, D.D.S., M.D. et al., Respondents. [873 NYS2d 802]—

Appeal from a judgment of the Supreme Court, Erie County (Joseph D. Mintz, J.), entered August 2, 2007 in a medical malpractice action. The judgment, upon a jury verdict, dismissed the complaint.

It is hereby ordered that the judgment so appealed from is unanimously reversed on the law without costs, the complaint is reinstated, and a new trial is granted.

Memorandum: Plaintiff commenced this action seeking damages for injuries sustained as the result of the alleged malpractice of Jean G. Haar, D.D.S., M.D. (defendant). At trial, plaintiff's expert testified that defendant deviated from medically acceptable treatment standards in failing to refer plaintiff for radiation therapy after defendant performed surgery to remove a cancerous tumor. The jury returned a verdict finding that defendant was not negligent. We agree with plaintiff that reversal is required based on the fact that Supreme Court improperly gave an error in judgment charge (*see* PJI 2:150). "That charge is appropriate only in a narrow category of medical malpractice cases in which there is evidence that defendant physician considered and chose among several medically acceptable treatment alternatives" (*Martin v Lattimore Rd. Surgicenter*, 281 AD2d 866, 866 [2001]; *see Spadaccini v Dolan*, 63 AD2d 110, 120 [1978]), and this case does not fall within that narrow category.

As noted, in accordance with plaintiff's theory of liability at trial, plaintiff's expert testified that defendant failed to adhere to medically acceptable treatment standards because he failed to refer plaintiff for radiation therapy. Neither defendant nor his expert testified that radiation therapy was a medically acceptable treatment alternative for plaintiff. Rather, they testified that, given plaintiff's condition, radiation therapy would not have been appropriate. Thus, there was no evidence that defendant "made a choice between or among medically acceptable alternatives" (*Anderson v House of Good Samaritan Hosp.*, 44 AD3d 135, 140 [2007]; *see Nestorowich v Ricotta*, 97 NY2d 393, 400 [2002]), and an error in judgment charge therefore was inappropriate. Instead, the evidence simply raised the issue whether the standard of care of a reasonably prudent physician required defendant to refer plaintiff for radiation, given plaintiff's condition (*see Nestorowich*, 97 NY2d at 400). Because the court's error in giving the charge in question cannot be

deemed harmless (*see Anderson*, 44 AD3d at 141-142; *cf. Nestorowich*, 97 NY2d at 401), plaintiff is entitled to a new trial. Present—Hurlbutt, J.P., Martoche, Smith, Peradotto and Green, JJ.