■ MARGUERITE JAMES, Appellant, v DAVID WORMUTH, M.D., et al., Respondents. [904 NYS2d 845]—Appeal from an order of the Supreme Court, Onondaga County (Donald A. Greenwood, J.), entered September 10, 2009 in a medical malpractice action. The order, insofar as appealed from, granted defendants' motion for summary judgment dismissing the complaint.

It is hereby ordered that the order insofar as appealed from is unanimously reversed on the law without costs, the motion is denied and the complaint is reinstated.

Memorandum: Plaintiff appeals, as limited by her brief, from that part of an order granting the motion of defendants for summary judgment dismissing the complaint in this medical malpractice action. Defendants had " 'the initial burden of establishing the absence of any departure from good and accepted medical practice or that the plaintiff was not injured thereby' " (*Sandmann v Shapiro*, 53 AD3d 537, 537 [2008]; *see generally Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). "Where, as here, an expert's affidavit fails to address each of the specific factual claims of negligence raised in [the] plaintiff's bill of particulars, that affidavit is insufficient to support a motion for summary judgment as a matter of law" (*Larsen v Banwar*, 70 AD3d 1337, 1338 [2010]; *see Grant v Hudson Val. Hosp. Ctr.*, 55 AD3d 874 [2008]). Indeed, defendants submitted affidavits from two medical experts, neither of which addressed the specific claims of negligence raised in the complaint, as amplified by the bill of particulars. Consequently, defendants' motion should have been denied, regardless of the sufficiency of plaintiff's opposing papers (*see Winegrad*, 64 NY2d at 853; *Kuri v Bhattacharya*, 44 AD3d 718 [2007]). Present—Smith, J.P., Fahey, Carni, Green and Gorski, JJ.