# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1208**
**CA 11-00509**
PRESENT: CENTRA, J.P., FAHEY, PERADOTTO, GREEN, AND GORSKI, JJ.

---

NANCY S. WULBRECHT, AS ADMINISTRATRIX
OF THE ESTATE OF ROBERT M. WULBRECHT,
DECEASED, PLAINTIFF-RESPONDENT,

                    V                                        MEMORANDUM AND ORDER

DIETRICH V. JEHLE, M.D., ET AL., DEFENDANTS,
VICTORIA BROOKS, M.D. AND HONG YU, M.D.,
DEFENDANTS-APPELLANTS.

---

RICOTTA & VISCO, ATTORNEYS & COUNSELORS AT LAW, BUFFALO (K. JOHN BLAND
OF COUNSEL), FOR DEFENDANTS-APPELLANTS.

BROWN CHIARI LLP, LANCASTER (MICHAEL R. DRUMM OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (John M.
Curran, J.), entered July 13, 2010 in a medical malpractice and
wrongful death action. The order, among other things, denied the
motion of defendants Victoria Brooks, M.D. and Hong Yu, M.D. for
summary judgment.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum: Plaintiff, as administratrix of the estate of her
husband, commenced this medical malpractice and wrongful death action
seeking damages for the death of her husband, a psychiatric patient
who committed suicide. Defendants-appellants (hereafter, defendants)
appeal from an order denying their motion for summary judgment
dismissing the complaint and all cross claims against them.

We note at the outset that defendants contend that their motion
should have been granted based on the theory that liability cannot
attach to the exercise of professional medical judgment by a
psychiatrist provided that the psychiatrist performed a competent
examination and evaluation of the patient. Defendants are correct
that, generally, "[t]he prevailing standard of care governing the
conduct of medical professionals . . . demands that a doctor exercise
'that reasonable degree of learning and skill that is ordinarily
possessed by physicians and surgeons in the locality where [the
doctor] practices' " (*Nestorowich v Ricotta*, 97 NY2d 393, 398, quoting
*Pike v Honsinger*, 155 NY 201, 209). They further correctly contend
that " '[a] doctor is not liable for an error in judgment if [the

doctor] does what (he, she) decides is best after careful evaluation if it is a judgment that a reasonably prudent doctor could have made under the circumstances' " (*id.* at 399). However, the "error in judgment" rule is applicable " 'only in a narrow category of medical malpractice cases in which there is evidence that [the] defendant physician considered and chose among several medically acceptable treatment alternatives' " (*Rospierski v Haar*, 59 AD3d 1048, 1049; *see Nestorowich*, 97 NY2d at 399-400; *Anderson v House of Good Samaritan Hosp.*, 44 AD3d 135, 139-141). "Where no such choice has been made, 'a doctor may be liable only if the doctor's treatment decisions do not reflect his or her own best judgment, or fall short of the generally accepted standard of care' " (*Anderson*, 44 AD3d at 140, quoting *Nestorowich*, 97 NY2d at 399).

Here, plaintiff did not allege that defendants "failed to use [their] best judgment" but, rather, "plaintiff's theory was that [defendants] failed to adhere to accepted medical standards" in diagnosing and treating the lethality of plaintiff's husband (*Anderson*, 44 AD3d at 140; *see Rospierski*, 59 AD3d at 1049). Likewise, defendants did not testify at their depositions that they "made a choice between or among medically acceptable alternatives" (*Anderson*, 44 AD3d at 140; *see Rospierski*, 59 AD3d at 1049; *cf. Topel v Long Is. Jewish Med. Ctr.*, 55 NY2d 682, 684). Moreover, the expert for defendants simply opined in a supporting affidavit that their assessment of the lethality of plaintiff's husband was "correct" and did not opine that defendants acted as reasonably prudent psychiatrists in choosing among acceptable alternatives for treating him (*see Rospierski*, 59 AD3d at 1049; *Anderson*, 44 AD3d at 140).

Contrary to defendants' alternative contention, the court properly denied their motion inasmuch as they failed to meet their "initial burden of establishing the absence of any departure from good and accepted medical practice or that the plaintiff['s husband] was not injured thereby" (*James v Wormuth*, 74 AD3d 1895 [internal quotation marks omitted]; *see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853; *see generally Zuckerman v City of New York*, 49 NY2d 557, 562). The medical expert's affidavit submitted by defendants in support of their motion was not "detailed, specific and factual in nature and . . . [merely] assert[ed] in simple conclusory form that [defendants] acted within the accepted standards of medical care" (*Toomey v Adirondack Surgical Assoc.*, 280 AD2d 754, 755; *see generally Amodio v Wolpert*, 52 AD3d 1078, 1079-1080). Moreover, the expert " 'fail[ed] to address each of the specific factual claims of negligence raised in [the] plaintiff's bill of particulars' " and, thus, the expert's affidavit "is insufficient to support a motion for summary judgment as a matter of law" (*James*, 74 AD3d 1895). "Consequently, defendants' motion [was properly] denied, regardless of the sufficiency of plaintiff's opposing papers" (*id.*; *see Winegrad*, 64 NY2d at 853).

Entered:  November 10, 2011                    Patricia L. Morgan
                                               Clerk of the Court