ALIZABETH LAMB, Individually and as Parent and Natural Guardian of AIYANA ALIZABETH LAMB, an Infant, Appellant, v STEPHEN M. BAKER, O.D., P.C.; et al., Defendants, and STUART TRUST, P.C., et al., Respondents. [58 NYS3d 849]—

Appeal from an order of the Supreme Court, Oswego County (Norman W. Seiter, Jr., J.), entered July 8, 2016. The order granted the motion of defendants Stuart Trust, P.C., and Stuart Trust, M.D., for summary judgment dismissing the complaint against those defendants.

It is hereby ordered that the order so appealed from is unanimously modified on the law by denying the motion of defendants Stuart Trust, P.C., and Stuart Trust, M.D., in part and reinstating the complaint against those defendants except insofar as it asserts claims of negligent hiring or supervision against them, and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries sustained by her daughter as a result of, inter alia, the alleged medical malpractice of Stuart Trust, P.C., and Stuart Trust, M.D. (defendants). Defendants moved for summary judgment dismissing the complaint against them, which Supreme Court granted.

We conclude that the court erred in granting that part of the motion seeking summary judgment dismissing the claim for medical malpractice, and we therefore modify the order accordingly. Even assuming, arguendo, that defendants met their initial burden with respect to that part of the motion, we agree with plaintiff that her medical expert raised triable issues of fact (*see Selmensberger v Kaleida Health*, 45 AD3d 1435, 1436 [2007]; *see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). "The conflicting opinions of the experts for plaintiff and defendant[s] with respect to . . . defendant[s'] alleged deviation[s] from the accepted standard of medical care, present credibility issues that cannot be resolved on a motion for summary judgment" (*Ferlito v Dara*, 306 AD2d 874, 874 [2003]; *see Gedon v Bry-Lin Hosps.*, 286 AD2d 892, 894 [2001], *lv denied* 98 NY2d 601 [2002]).

We further conclude, however, that the court properly granted that part of defendants' motion seeking summary judg-

ment dismissing the claims of negligent hiring or supervision asserted against them. An employer may be liable for a claim of negligent hiring or supervision if an employee commits an "independent act of negligence outside the scope of employment" and the employer "was aware of, or reasonably should have foreseen, the employee's propensity to commit such an act" (*Seiden v Sonstein*, 127 AD3d 1158, 1160-1161 [2015]). Here, plaintiff has failed to allege that Trust or any other individual employed by Stuart Trust, P.C., committed an act of negligence outside the scope of his or her employment. Present—Carni, J.P., Curran, Troutman, Winslow and Scudder, JJ.