Groff v Kaleida Health (2018 NY Slip Op 03249)





Groff v Kaleida Health


2018 NY Slip Op 03249


Decided on May 4, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 4, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, CURRAN, AND TROUTMAN, JJ.


312 CA 17-00709

[*1]BRANDI LEE GROFF AND BRANDON T. GROFF, PLAINTIFFS-RESPONDENTS,
v
KALEIDA HEALTH, DOING BUSINESS AS WOMEN AND CHILDREN'S HOSPITAL OF BUFFALO, FARKAD BALAYA, M.D., SAMADH RAVANGARD, D.O., NITA THAPA, M.B.B.S., ALLISON DAILEY, M.D., DEFENDANTS-APPELLANTS, ET AL., DEFENDANTS. (APPEAL NO. 1.) 






GIBSON, MCASKILL & CROSBY, LLP, BUFFALO (MICHAEL J. WILLETT OF COUNSEL), FOR DEFENDANTS-APPELLANTS.
DEMPSEY & DEMPSEY, BUFFALO (PATRICK MALONEY OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Erie County (Frederick J. Marshall, J.), entered February 13, 2017. The order, insofar as appealed from, denied that part of the motion of defendants Kaleida Health, doing business as Women and Children's Hospital of Buffalo, Farkad Balaya, M.D., Samadh Ravangard, D.O., Nita Thapa, M.B.B.S., and Allison Dailey, M.D., for summary judgment dismissing the complaint against them. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting that part of the motion with respect to defendants Samadh Ravangard, D.O., Nita Thapa, M.B.B.S., and Allison Dailey, M.D. and dismissing the complaint against them, and as modified the order is affirmed without costs.
Memorandum: After a rupture of her uterus, Brandi Lee Groff (plaintiff) underwent an emergency caesarean section at defendant Kaleida Health, doing business as Women and Children's Hospital of Buffalo (Kaleida Health). Plaintiff's condition gradually worsened while she was recovering after the procedure, and she was transferred to another hospital where it was discovered that she had a perforated bowel, which had resulted in sepsis in her abdominal cavity. Plaintiffs thereafter commenced this action seeking damages for the alleged medical malpractice of defendants in their diagnosis and/or treatment of plaintiff. Defendants Kaleida Health, Farkad Balaya, M.D., Samadh Ravangard, D.O., Nita Thapa, M.B.B.S., Allison Dailey, M.D. (Kaleida defendants), and defendant Olubunmi Alo, M.B.B.S. moved for summary judgment dismissing the complaint against them, and defendants University Gynecologists & Obstetricians, Inc., Faye Justica-Linde, M.D., and Dennis Mauricio, M.D. (UGO defendants) likewise moved for summary judgment dismissing the complaint against them. In separate orders, Supreme Court denied the UGO defendants' motion and granted the Kaleida defendants' motion in part with respect to Dr. Alo. In appeal No. 1, we conclude that the court properly denied that part of the motion of the Kaleida defendants with respect to Kaleida Health and Dr. Balaya, but the court erred in denying that part of the motion with respect to Drs. Ravangard, Thapa, and Dailey (hereafter, resident physicians), and we therefore modify the order accordingly. In appeal No. 2, we conclude that the court properly denied the motion of the UGO defendants.
In order to meet his or her initial burden on a summary judgment motion seeking dismissal of the complaint in a medical malpractice action, a defendant must "present factual proof, generally consisting of affidavits, deposition testimony and medical records, to rebut the [*2]claim of malpractice by establishing that [the defendant] complied with the accepted standard of care or did not cause any injury to the patient" (Cole v Champlain Val. Physicians' Hosp. Med. Ctr., 116 AD3d 1283, 1285 [3d Dept 2014]; see Lake v Kaleida Health, 59 AD3d 966, 966 [4th Dept 2009]). A defendant physician may meet the initial burden by submitting his or her own affidavit, as long as the affidavit is "detailed, specific and factual in nature" (Toomey v Adirondack Surgical Assoc., 280 AD2d 754, 755 [3d Dept 2001]; see Cole, 116 AD3d at 1285), and it "address[es] each of the specific factual claims of negligence raised in [the] . . . bill of particulars" (Wulbrecht v Jehle, 89 AD3d 1470, 1471 [4th Dept 2011] [internal quotation marks omitted]). Once the defendant meets his or her burden, the burden shifts "to [the] plaintiff to raise an issue of fact by submitting a physician's affidavit establishing both a departure from the accepted standard of care and proximate cause" (Chillis v Brundin, 150 AD3d 1649, 1650 [4th Dept 2017]; see Bagley v Rochester Gen. Hosp., 124 AD3d 1272, 1273 [4th Dept 2015]).
We agree with the Kaleida defendants in appeal No. 1 that they met their initial burden on their motion. In support of their motion, the Kaleida defendants submitted the expert affidavit of Dr. Balaya, the attending obstetrician and gynecologist. He explained how his conduct did not deviate from the accepted standard of medical care by setting forth why he ordered the emergency surgery, his observations during the surgery, and how he properly performed the surgery. Dr. Balaya's affidavit also addressed the care provided by the three resident physicians. Dr. Balaya averred that the resident physicians were all under his supervision and direction and, thus, they never exercised independent judgment or made an independent decision with respect to plaintiff's care or treatment (see Bellafiore v Ricotta, 83 AD3d 632, 633 [2d Dept 2011]). In addition, Dr. Balaya averred that none of the resident physicians could be held liable for failure to intervene in plaintiff's care and treatment on the ground that his alleged deviations from normal medical practice were so great that such intervention was warranted (see id.). We conclude that Dr. Balaya's expert affidavit was sufficiently detailed, specific and factual to establish the Kaleida defendants' entitlement to judgment as a matter of law (see Suib v Keller, 6 AD3d 805, 806 [3d Dept 2004]; see also Wulbrecht, 89 AD3d at 1471).
Plaintiffs submitted the requisite expert affidavits in opposition to the motion (see Brown v Soldiers & Sailors Mem. Hosp., 193 AD2d 1077, 1078 [4th Dept 1993]). We conclude, however, that the affidavits of plaintiffs' experts, a general surgeon and an expert in obstetrics and gynecology, raised a triable issue of fact only with respect to Kaleida Health and Dr. Balaya, but not with respect to the resident physicians. Thus, contrary to the contention of the Kaleida defendants, the court properly denied that part of their motion with respect to Kaleida Health and Dr. Balaya. Addressing Dr. Balaya first, we conclude that plaintiffs' experts raised an issue of fact whether he deviated from the standard of care by, inter alia, injuring plaintiff's cecum during the caesarean section and failing to recognize and repair that injury. The affidavits submitted by the parties therefore " present[ ] a credibility battle between the parties' experts' " with respect to whether Dr. Balaya deviated from the accepted standard of medical care and whether any such deviation caused plaintiff's injuries (Selmensberger v Kaleida Health, 45 AD3d 1435, 1436 [4th Dept 2007]; see Barbuto v Winthrop Univ. Hosp., 305 AD2d 623, 624 [2d Dept 2003]). The court also properly denied that part of the motion of the Kaleida defendants with respect to Kaleida Health because it may be vicariously liable for any medical malpractice of its employee, Dr. Balaya (see Hill v St. Clare's Hosp., 67 NY2d 72, 79 [1986]).
We agree with the Kaleida defendants that the court erred in denying that part of their motion with respect to the resident physicians. Plaintiffs' submissions in opposition to the motion failed to raise an issue of fact whether any of the resident physicians exercised independent medical judgment in plaintiff's care or treatment, or neglected to intervene in plaintiff's care or treatment where the attending physician's directions greatly deviated from normal medical practice (see Soto v Andaz, 8 AD3d 470, 471-472 [2d Dept 2004]; Cook v Reisner, 295 AD2d 466, 467 [2d Dept 2002]).
Contrary to the contention of the UGO defendants in appeal No. 2, we conclude that the court properly denied their motion inasmuch as they failed to meet their "initial burden of establishing the absence [on their part] of any departure from good and accepted medical practice or that . . . plaintiff was not injured thereby" (Williams v Sahay, 12 AD3d 366, 368 [2d Dept 2004]; see James v Wormuth, 74 AD3d 1895, 1895 [4th Dept 2010]). Here, the expert affidavit submitted by the UGO defendants in support of their motion failed to address "each of the specific factual claims of negligence raised in [the] bill of particulars," and thus it "is insufficient [*3]to support a motion for summary judgment as a matter of law" (Larsen v Banwar, 70 AD3d 1337, 1338 [4th Dept 2010]; see Terranova v Finklea, 45 AD3d 572, 572-573 [2d Dept 2007]; Kuri v Bhattacharya, 44 AD3d 718, 718 [2d Dept 2007]). Among other things, the expert affidavit failed to address how the care and treatment of Drs. Justica-Linde and Mauricio was appropriate in light of plaintiff's presentation of symptoms. Thus, the court properly denied the motion regardless of the sufficiency of plaintiffs' opposing submissions (see Humphrey v Gardner, 81 AD3d 1257, 1258-1259 [4th Dept 2011]; see generally Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).
Entered: May 4, 2018
Mark W. Bennett
Clerk of the Court