Walden Bailey Chiropractic, P.C. v Geico Cas. Co. (2019 NY Slip Op 05267)





Walden Bailey Chiropractic, P.C. v Geico Cas. Co.


2019 NY Slip Op 05267


Decided on June 28, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 28, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, DEJOSEPH, TROUTMAN, AND WINSLOW, JJ.


105 CA 18-00880

[*1]WALDEN BAILEY CHIROPRACTIC, P.C., PLAINTIFF-RESPONDENT,
v
GEICO CASUALTY COMPANY, DEFENDANT-APPELLANT. 






RIVKIN RADLER LLP, UNIONDALE (HENRY MASCIA OF COUNSEL), FOR DEFENDANT-APPELLANT. 
THE MORRIS LAW FIRM, BUFFALO (DANIEL K. MORRIS OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (James H. Dillon, J.), entered October 26, 2017. The order, insofar as appealed from, denied in part the motion of defendant to dismiss the amended complaint. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting that part of defendant's motion seeking to dismiss the 13th and 14th causes of action, and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages arising from defendant's alleged failure to pay hundreds of insurance claims submitted to it by plaintiff for health care services that plaintiff rendered to defendant's insureds. Supreme Court granted in part defendant's motion to dismiss the amended complaint pursuant to CPLR 3211, and dismissed 13 of the 17 causes of action. The court denied defendant's motion with respect to the 3rd cause of action, for breach of contract, the 13th cause of action, for negligent hiring, supervision, or retention, and the 14th cause of action, for prima facie tort. The portion of the amended complaint titled "first cause of action" contained a factual background for the subsequent causes of action set forth in the amended complaint.
Accepting as true the facts alleged in the amended complaint, as we must on a motion to dismiss pursuant to CPLR 3211 (a) (7), and according plaintiff the benefit of every possible favorable inference (see Hall v McDonald's Corp., 159 AD3d 1591, 1592 [4th Dept 2018]), we reject defendant's contention that the court erred in denying its motion to dismiss the first cause of action for failure to state a claim. We agree with plaintiff that there is no basis to dismiss what is erroneously entitled the "first cause of action" in the amended complaint inasmuch as it is not a cause of action at all; rather, the statements thereunder merely set forth the transactions or occurrences intended to be proved and the amended complaint thereafter separately states the causes of action with incorporation by reference of those prior statements (see CPLR 3013, 3014; see generally CPLR 3026).
We agree with defendant, however, that plaintiff failed to allege facts constituting negligent hiring, supervision, or retention sufficient to survive defendant's motion to dismiss. "An employer may be liable for a claim of negligent hiring or supervision if an employee commits an independent act of negligence outside the scope of employment and the employer was aware of, or reasonably should have foreseen, the employee's propensity to commit such an act" (Lamb v Stephen M. Baker, O.D., P.C., 152 AD3d 1230, 1231 [4th Dept 2017] [internal quotation marks omitted]). Here, plaintiff's cause of action for negligent hiring, supervision or retention is based on the factual allegations that defendant's employees denied or delayed the payment of claims to plaintiff and sent repetitive verification demands, and that defendant was aware of what its employees were doing and continued to employ them. Plaintiff, however, [*2]failed to allege that those acts were committed outside the scope of the employees' employment. Plaintiff also failed to allege how the employees' alleged acts of denying claims and sending verification demands constituted acts of negligence. Thus, we conclude that the court erred in denying that part of defendant's motion seeking to dismiss the 13th cause of action, and we therefore modify the order accordingly.
We further agree with defendant that plaintiff failed to allege facts sufficient to establish the elements of a cause of action for prima facie tort, i.e., "the intentional infliction of harm, . . . which results in special damages, . . . without any excuse or justification, . . . by an act or series of acts which would otherwise be lawful" (Freihofer v Hearst Corp., 65 NY2d 135, 142-143 [1985]). "There can be no recovery [for prima facie tort] unless a disinterested malevolence' to injure [the] plaintiff constitutes the sole motivation for defendant['s] otherwise lawful act" (Backus v Planned Parenthood of Finger Lakes, 161 AD2d 1116, 1117 [4th Dept 1990]). Here, plaintiff alleged that defendant acted in "bad faith" and intended harm by repeatedly sending plaintiff duplicitous requests for verification forms to be completed. Those conclusory statements in the amended complaint, however, fail to allege "a malicious [act] unmixed with any other and exclusively directed to [the] injury and damage of another" (Burns Jackson Miller Summit & Spitzer v Lindner, 59 NY2d 314, 333 [1983]). Furthermore, it is "[a] critical element of the cause of action . . . that plaintiff suffered specific and measurable loss" (Freihofer, 65 NY2d at 143), which "must be alleged with sufficient particularity to identify actual losses and be related causally to the alleged tortious acts" (Lincoln First Bank of Rochester v Siegel, 60 AD2d 270, 280 [4th Dept 1977]), but the injuries alleged by plaintiff are "couched in broad and conclusory terms" (id.), and do not constitute "specific and measurable loss" stated with particularity (Freihofer, 65 NY2d at 143; cf. S. E. Nichols, Inc. v Grossman, 50 AD2d 1086, 1086 [4th Dept 1975]). We therefore further modify the order by granting that part of the motion seeking to dismiss the 14th cause of action.
Entered: June 28, 2019
Mark W. Bennett
Clerk of the Court