Edwards v Myers (2020 NY Slip Op 00953)





Edwards v Myers


2020 NY Slip Op 00953


Decided on February 7, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 7, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, TROUTMAN, AND WINSLOW, JJ.


832 CA 18-02363

[*1]CYNTHIA SMITH EDWARDS, INDIVIDUALLY, AND AS ADMINISTRATRIX OF THE ESTATE OF DAVID EDWARDS, JR., DECEASED, PLAINTIFF-APPELLANT,
v
DAVID MYERS, ERIE COUNTY MEDICAL CENTER CORPORATION, DEFENDANTS-RESPONDENTS, AMY KORTMAN, ET AL., DEFENDANTS. 






SILBERSTEIN, AWAD & MIKLOS, PC, GARDEN CITY, POLLACK, POLLACK, ISAAC & DECICCO, LLP, NEW YORK CITY (CHRISTOPHER SOVEROW OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
SUGARMAN LAW FIRM, LLP, SYRACUSE (JENNA W. KLUCSIK OF COUNSEL), FOR DEFENDANT-RESPONDENT DAVID MYERS. 
ROACH, BROWN, MCCARTHY & GRUBER, P.C., BUFFALO (JOHN P. DANIEU OF COUNSEL), FOR DEFENDANT-RESPONDENT ERIE COUNTY MEDICAL CENTER CORPORATION.


 Appeal from an order of the Supreme Court, Erie County (Frederick J. Marshall, J.), entered May 30, 2018. The order granted that part of the motion of defendants Erie County Medical Center Corporation and Amy Kortman seeking summary judgment dismissing the complaint and all cross claims against defendant Erie County Medical Center Corporation and granted the motion of defendant David Myers seeking summary judgment dismissing the amended complaint and all cross claims against him. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion of defendants Erie County Medical Center Corporation and Amy Kortman is denied in part and the complaint and any cross claims are reinstated against Erie County Medical Center Corporation, and the motion of defendant David Myers is denied and the amended complaint and any cross claims are reinstated against him.
Memorandum: Plaintiff commenced an action against defendant Erie County Medical Center Corporation (ECMC) and a separate action against, among others, defendant David Myers and defendant Amy Kortman, seeking damages for, inter alia, medical malpractice and wrongful death arising from the death of her husband (decedent). After the two actions were consolidated, ECMC and Kortman moved for summary judgment dismissing the complaint against ECMC, the amended complaint against Kortman, and any cross claims against them. Myers moved for summary judgment dismissing the amended complaint and any cross claims against himself. Plaintiff now appeals from an order that granted in part the motion of ECMC and Kortman and dismissed the complaint and any cross claims against ECMC, and granted the motion of Myers and dismissed the amended complaint and any cross claims against him. Plaintiff did not appeal from a separate order that, inter alia, granted that part of the motion of ECMC and Kortman seeking to dismiss the amended complaint and any cross claims against Kortman.
This case arises from the events occurring when decedent presented at ECMC for arthroscopic shoulder surgery. Decedent's surgery was canceled after Kortman, who was a nurse employed by ECMC, and Myers, an anesthesiologist, were unable to intubate decedent. [*2]Decedent was subsequently discharged from ECMC. He returned a few hours later with difficulty breathing and angioedema of the neck and tongue, and an emergency tracheostomy was performed. Decedent, however, sustained a hypoxic anoxic brain injury and remained in the hospital for over one month before he suffered acute respiratory failure and died.
Plaintiff contends that Supreme Court erred in granting the motion of ECMC and Kortman with respect to ECMC and in granting Myers' motion. We agree. On a motion for summary judgment, " a defendant in a medical malpractice action bears the initial burden of establishing either that there was no deviation or departure from the applicable standard of care or that any alleged departure did not proximately cause the plaintiff's injuries' " (Kubera v Bartholomew, 167 AD3d 1477, 1479 [4th Dept 2018]). To meet that burden, a defendant must submit in admissible form "factual proof, generally consisting of affidavits, deposition testimony and medical records, to rebut the claim of malpractice by establishing that [the defendant] complied with the accepted standard of care or did not cause any injury to the patient" (Groff v Kaleida Health, 161 AD3d 1518, 1520 [4th Dept 2018] [internal quotation marks omitted]; see Cole v Champlain Val. Physicians' Hosp. Med. Ctr., 116 AD3d 1283, 1285 [3d Dept 2014]). The defendant must "address each of the specific factual claims of negligence raised in the plaintiff's bill of particulars" (Wulbrecht v Jehle, 89 AD3d 1470, 1471 [4th Dept 2011] [internal quotation marks omitted]; see Groff, 161 AD3d at 1521-1522; Larsen v Banwar, 70 AD3d 1337, 1338 [4th Dept 2010]).
Contrary to plaintiff's contention, the submissions in support of the motions of ECMC and Kortman and Myers (collectively, defendants), which included medical records, deposition testimony, and expert affidavits, "established their prima facie entitlement to judgment as a matter of law by . . . demonstrating that [ECMC and Myers] did not deviate or depart from accepted medical practice or proximately cause [decedent's] injuries" (Quille v New York City Health & Hosp. Corp., 152 AD3d 808, 809 [2d Dept 2017]). The affidavits of defendants' experts were "detailed, specific and factual in nature and [did] not assert in simple conclusory form that [ECMC and Myers] acted within the accepted standards of medical care" (Toomey v Adirondack Surgical Assoc., 280 AD2d 754, 755 [3d Dept 2001]; cf. Wulbrecht, 89 AD3d at 1471). Thus, the burden shifted to plaintiff to " submit evidentiary facts or materials to rebut the prima facie showing by the defendant[s] . . . that [ECMC and Myers were] not negligent in treating [decedent] so as to demonstrate the existence of a triable issue of fact' " (Moyer v Roy, 152 AD3d 1188, 1189 [4th Dept 2017], quoting Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).
We agree with plaintiff that she raised a triable issue of fact in opposition to defendants' motions. Contrary to the contention of ECMC and Myers, the affidavit of plaintiff's expert should not be deemed inadmissable on the ground that it failed to comply with CPLR 2309 (c), inasmuch as "such a defect is not fatal, and no substantial right of [defendants] was prejudiced" (Voskoboinyk v Trebisovsky, 154 AD3d 997, 998 [2d Dept 2017]). With respect to the merits, plaintiff's expert anesthesiologist opined that, based on, inter alia, decedent's baseline oxygen saturation, his oxygen saturation at the time of discharge from ECMC, and decedent's personal risk factors, ECMC and Myers deviated from the appropriate standard of care by discharging decedent. Plaintiff's expert anesthesiologist further opined that the deviation from the standard of care proximately caused the decedent's death because decedent's hypoxic event could have been avoided had decedent not been discharged because he would have received a more timely tracheostomy. Thus, we conclude that " [t]he conflicting opinions of the experts for plaintiff and defendant[s] with respect to . . . [ECMC's and Myers'] alleged deviation[s] from the accepted standard of medical care, present credibility issues that cannot be resolved on a motion for summary judgment' " (Lamb v Stephen M. Baker, O.D., P.C., 152 AD3d 1230, 1230 [4th Dept 2017]).
Finally, ECMC correctly concedes that an issue of fact exists whether Myers was its employee and thus whether ECMC may be held vicariously liable for Myers' conduct (see generally Keesler v Small, 140 AD3d 1021, 1022 [2d Dept 2016]).
Entered: February 7, 2020
Mark W. Bennett
Clerk of the Court