Hilbrecht v Greco (2020 NY Slip Op 07753)





Hilbrecht v Greco


2020 NY Slip Op 07753


Decided on December 23, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, CURRAN, AND BANNISTER, JJ.


678 CA 19-01179

[*1]STEPHEN A. HILBRECHT AND MICHELLE HILBRECHT, PLAINTIFFS-RESPONDENTS,
v
JOSEPH M. GRECO, M.D., AND WESTERN NEW YORK UROLOGY ASSOCIATES, LLC, DEFENDANTS-APPELLANTS. 






ROACH, BROWN, MCCARTHY & GRUBER, P.C., BUFFALO (J. MARK GRUBER OF COUNSEL), FOR DEFENDANTS-APPELLANTS.
DEMPSEY & DEMPSEY, BUFFALO (TYLER GARVEY OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Niagara County (Daniel Furlong, J.), entered April 23, 2019. The order denied the motion of defendants for summary judgment dismissing the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiffs commenced this medical malpractice action alleging that Joseph M. Greco, M.D. (defendant) negligently performed two vasectomy procedures on Stephen A. Hilbrecht (plaintiff), causing him to sustain injuries, including chronic and severe testicular pain. Defendants appeal from an order that denied their motion for summary judgment dismissing the complaint. We affirm.
Defendants satisfied their initial burden on the motion by submitting an affidavit from defendant addressing "each of the specific factual claims of negligence raised in [plaintiffs'] bill of particulars" and opining that he complied with the accepted standard of care and did not cause any injury to plaintiff in performing the vasectomy procedures (Edwards v Myers, 180 AD3d 1350, 1352 [4th Dept 2020] [internal quotation marks omitted]; see Bubar v Brodman, 177 AD3d 1358, 1359 [4th Dept 2019]; Wulbrecht v Jehle, 89 AD3d 1470, 1471 [4th Dept 2011]).
In opposition, however, plaintiffs raised triable issues of fact with respect to defendant's compliance with the accepted standard of care and whether that departure was a proximate cause of the injury (see Bubar, 177 AD3d at 1359). Initially, we reject defendants' contention that plaintiffs' expert failed to offer an adequate foundation for his or her qualifications. Plaintiffs' anonymous expert indicated that he or she was a physician licensed in the United States and was board certified in urology, was a fellow in the American College of Surgeons, and was a former Chief of Urology. The affidavit therefore established that "[t]he specialized skills of [the] expert as demonstrated through his [or her] board certifications, taken together with the nature of the medical subject matter of th[e] action, are sufficient to support the inference that [his or her] opinion regarding [the] treatment [at issue] was reliable" (Nowelle B. v Hamilton Med., Inc., 177 AD3d 1256, 1258 [4th Dept 2019] [internal quotation marks omitted]; see Stradtman v Cavaretta [appeal No. 2], 179 AD3d 1468, 1470-1471 [4th Dept 2020]; Chipley v Stephenson, 72 AD3d 1548, 1549 [4th Dept 2010]).
Plaintiffs' expert opined, in contradiction of defendant's affidavit, that the severe chronic testicular pain that followed the vasectomy procedures is not a recognized complication associated with normal vasectomies but is instead associated with negligent medical and surgical care (see generally Santilli v CHP, Inc., 274 AD2d 905, 907-908 [3d Dept 2000]). In addition, [*2]based on a review of the medical records and deposition testimony, plaintiffs' expert raised an issue of fact with respect to causation by ruling out all other causes of the chronic pain except for negligence during the vasectomy procedures. The affidavits submitted by the parties thus presented a "classic battle of the experts" precluding summary judgment (Mason v Adhikary, 159 AD3d 1438, 1439 [4th Dept 2018] [internal quotation marks omitted]; see Jeannette S. v Williot, 179 AD3d 1479, 1481 [4th Dept 2020]).
We have reviewed defendants' remaining contention and conclude that it does not warrant reversal or modification of the order.
Entered: December 23, 2020
Mark W. Bennett
Clerk of the Court