Gumkowski v Schwaab (2025 NY Slip Op 07139)

Gumkowski v Schwaab

2025 NY Slip Op 07139

Decided on December 23, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 23, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: MONTOUR, J.P., SMITH, GREENWOOD, NOWAK, AND KEANE, JJ.

816.1 CA 24-01193

[*1]KATHLEEN GUMKOWSKI, AS ADMINISTRATOR OF THE ESTATE OF GREGORY GUMKOWSKI, DECEASED, AND KATHLEEN GUMKOWSKI, INDIVIDUALLY, PLAINTIFF-RESPONDENT,
vTHOMAS SCHWAAB, M.D., ET AL., DEFENDANTS, TOWN OF TONAWANDA, TOWN OF TONAWANDA EMS, TOWN OF TONAWANDA POLICE DEPARTMENT, KRISTIAN RUTENKROGER, DAVID RICE, KENMORE MERCY HOSPITAL, CATHOLIC HEALTH SYSTEM, INC., AND ERIK DIRINGER, D.O., DEFENDANTS-APPELLANTS.

WALSH ROBERTS & GRACE LLP, BUFFALO (ROBERT P. GOODWIN OF COUNSEL), FOR DEFENDANTS-APPELLANTS TOWN OF TONAWANDA, TOWN OF TONAWANDA EMS, TOWN OF TONAWANDA POLICE DEPARTMENT, KRISTIAN RUTENKROGER, AND DAVID RICE.
BARGNESI BRITT PLLC, BUFFALO (JASON T. BRITT OF COUNSEL), FOR DEFENDANTS-APPELLANTS KENMORE MERCY HOSPITAL, CATHOLIC HEALTH SYSTEM, INC., AND ERIK DIRINGER, D.O. 
THE DEMPSEY FIRM PLLC, BUFFALO (CATHERINE B. DEMPSEY OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

 Appeals from an order of the Supreme Court, Erie County (John B. Licata, J.), entered July 25, 2024, in a medical malpractice action. The order, insofar as appealed from, denied the motions of defendants Town of Tonawanda, Town of Tonawanda EMS, Town of Tonawanda Police Department, Kristian Rutenkroger, David Rice, Kenmore Mercy Hospital, Catholic Health System, Inc. and Erik Diringer, D.O., for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting the motion of defendants the Town of Tonawanda, Town of Tonawanda EMS, Town of Tonawanda Police Department, Kristian Rutenkroger, and David Rice and dismissing the complaint and all cross-claims against those defendants, and granting in part the motion of defendants Kenmore Mercy Hospital, Catholic Health System, Inc., and Erik Diringer, D.O., and dismissing plaintiff's claim that defendant Erik Diringer, M.D., was negligent for failing to transfer decedent to a tertiary care facility, and as modified the order is affirmed without costs.
Memorandum: In this medical malpractice action, defendants Thomas Schwaab, M.D., Meghan Kurtz, P.A., and Christine Pieri, R.N. (collectively, Roswell Park defendants) appeal, in appeal No. 1, from an order to the extent that it denied that part of their motion seeking summary judgment dismissing the complaint and cross-claims against them. In appeal No. 2, defendants Town of Tonawanda, Town of Tonawanda EMS, Town of Tonawanda Police Department, Kristian Rutenkroger, and David Rice (collectively, the Town defendants) moved for summary judgment dismissing the complaint and cross-claims against them, and they appeal from the same order insofar as it, inter alia, denied their motion, and defendants Kenmore Mercy Hospital, Catholic Health System, Inc., and Erik Diringer, D.O. (collectively, the Catholic Health defendants) appeal, as limited by their brief, from that part of the same order denying their motion insofar as it sought summary judgment dismissing the complaint against Diringer.
Decedent presented to nonparty Roswell Park Cancer Institute (Roswell Park) on January 4, 2016, for a scheduled retroperitoneal lymph node dissection performed by Schwaab. Following surgery, decedent remained an inpatient at Roswell Park through his discharge on January 11, 2016; during that admission, decedent repeatedly indicated that he was tired, his breathing was uncomfortable, and he had discomfort in his low back.
Following his discharge, decedent called Roswell Park on several occasions, including a call to Pieri on January 13, 2016, wherein decedent reported shallow breathing and lightheadedness. A few hours later, decedent called 911 with a chief complaint of shortness of breath. Rutenkroger and Rice, paramedics employed by the Town of Tonawanda, arrived at the decedent's residence, took his vital signs, and assessed his condition. Given decedent's history of anxiety and the absence of any other clinical indications of respiratory distress, the paramedics concluded that decedent's shortness of breath was caused by anxiety. According to plaintiff's deposition testimony, decedent and the paramedics made "a joint decision" that decedent would not be taken to the emergency room that day, and decedent signed a treatment refusal acknowledgment.
At approximately 11 a.m. on the morning of January 15, 2016, decedent told plaintiff that he felt like he was dying and was unable to breathe. Decedent again called 911, and he was transported by ambulance to Kenmore Mercy Hospital, arriving in the emergency room at 12:07 p.m. He was ultimately transferred to the ICU under Diringer's care at 3:15 p.m. Decedent went into cardiac arrest at approximately 5 p.m. as Diringer was preparing to place a central line in preparation for surgery; decedent was ultimately pronounced dead at 5:31 p.m., as a result of hemorrhagic shock.
Contrary to the Roswell Park defendants' contentions in appeal No. 1, Supreme Court properly denied that part of their motion for summary judgment dismissing the complaint and cross-claims against them. It is well settled that a defendant moving for summary judgment in a medical malpractice action bears "the initial burden of establishing either that there was no deviation or departure from the applicable standard of care or that any alleged departure did not proximately cause the plaintiff's injuries" (Zielinski v Blessios, 227 AD3d 1385, 1386 [4th Dept 2024] [internal quotation marks omitted]; see Kristie M. v Mercy Hosp. of Buffalo, 240 AD3d 1228, 1229 [4th Dept 2025]; McMahon-DeCarlo v Wickline, 224 AD3d 1388, 1388-1389 [4th Dept 2024]). To meet that burden, the defendant must submit an expert affidavit "that address[es] each of the specific . . . claims of negligence raised in [the] plaintiff's bill of particulars" (Bubar v Brodman, 177 AD3d 1358, 1360 [4th Dept 2019] [internal quotation marks omitted]; see Wulbrecht v Jehle, 89 AD3d 1470, 1471 [4th Dept 2011]).
Here, even assuming, arguendo, that the Roswell Park defendants' expert laid an appropriate foundation for his opinion, the expert failed to address each of the claims of negligence on the part of the Roswell Park defendants raised in the amended bills of particulars, and thus the expert's affidavit "is insufficient to support a motion for summary judgment as a matter of law" (Wulbrecht, 89 AD3d at 1471 [internal quotation marks omitted]), requiring the denial of the motion "regardless of the sufficiency of plaintiff's opposing papers" (James v Wormuth, 74 AD3d 1895, 1895 [4th Dept 2010]).
With respect to appeal No. 2, we agree with the Town defendants that they are entitled to governmental function immunity and the court therefore erred in denying their motion for summary judgment dismissing the complaint and cross-claims against them. "A municipality is immune from liability where the actions of its employees in performing governmental functions involve[ ] the exercise of discretion" (Morales v City of New York, 235 AD3d 595, 597 [1st Dept 2025]; see McLean v City of New York, 12 NY3d 194, 202-203 [2009]). "[A]mbulance assistance rendered by first responders . . . should be viewed as a classic governmental, rather than proprietary, function" (Applewhite v Accuhealth, Inc., 21 NY3d 420, 430 [2013] [internal quotation marks omitted]).
"[D]iscretionary . . . acts involve the exercise of reasoned judgment which could typically produce different acceptable results whereas a ministerial act envisions direct adherence to a governing rule or standard with a compulsory result" (Tango v Tulevech, 61 NY2d 34, 41 [1983]). As the First Department recently made clear, "a generally uniform approach in assessment and care does not change the discretionary nature" of a first responder's actions or the [*2]governmental function they provide (Morales, 235 AD3d at 597). Under the circumstances presented here, we conclude that the Town defendants established that Rutenkroger's and Rice's actions were discretionary and, thus, the Town defendants are entitled to governmental function immunity. Indeed, plaintiff's contentions pertain "to the quality of the care rendered by [Rutenkroger and Rice and,] even if such decisions prove to be erroneous, they do not cast the [Town] in damages" (id. at 597 [internal quotation marks omitted]; see Kinsey v City of New York, 141 AD3d 420, 421 [1st Dept 2016], lv denied 28 NY3d 907 [2016]). We further note that, "[b]ecause the actions of the [Town's employees] were discretionary, this Court need not address the issue of whether a special duty was owed to [decedent]" (Walker-Rodriguez v City of New York, 231 AD3d 1090, 1094 [2d Dept 2024] [internal quotation marks omitted]).
With respect to plaintiff's claims arising from the care and treatment rendered by defendant Diringer, we agree with the Catholic Health defendants in appeal No. 2 that they met their initial burden in support of their motion, including by addressing plaintiff's claim regarding Diringer's alleged failure to timely transfer the decedent to a tertiary care facility. Insofar as "plaintiff's expert failed to address th[at] legal theor[y] in opposition to the motion," the Catholic Health defendants were entitled to partial summary judgment on that theory of liability (Van Hook v Doak, 227 AD3d 1537, 1540 [4th Dept 2024]). Contrary to the Catholic Health defendants' further contentions, however, we conclude that plaintiff raised triable issues of fact with respect to the remaining theories of liability based upon the care and treatment rendered by Diringer.
We therefore modify the order by granting the motion of the Town defendants and dismissing the complaint and cross-claims against them, and by granting in part the motion of the Catholic Health defendants and dismissing plaintiff's claim that defendant Erik Diringer, M.D., was negligent for failing to transfer decedent to a tertiary care facility.
Entered: December 23, 2025
Ann Dillon Flynn
Clerk of the Court