Washer v Memorial Hosp. of William F. & Gertrude F. Jones, Inc. (2026 NY Slip Op 00712)

Washer v Memorial Hosp. of William F. & Gertrude F. Jones, Inc.

2026 NY Slip Op 00712

Decided on February 11, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 11, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, MONTOUR, SMITH, AND DELCONTE, JJ.

908 CA 24-01118

[*1]SHARON WASHER, INDIVIDUALLY AND AS EXECUTOR OF THE ESTATE OF LUTHER WASHER, DECEASED, PLAINTIFF-RESPONDENT,
TvHE MEMORIAL HOSPITAL OF WILLIAM F. AND GERTRUDE F. JONES, INC., ET AL., DEFENDANTS, THOMAS F. TAYLOR, M.D., AND ASSOCIATED RADIOLOGISTS OF THE FINGER LAKES, P.C., DEFENDANTS-APPELLANTS. 

THE TARANTINO LAW FIRM, LLP, BUFFALO (MARYLOU K. ROSHIA OF COUNSEL), FOR DEFENDANTS-APPELLANTS.
THE FITZGERALD FIRM P.C., BUFFALO (BRIAN P. FITZGERALD OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 

 Appeal from an order of the Supreme Court, Allegany County (Thomas P. Brown, A.J.), entered June 26, 2024. The order, insofar as appealed from, denied the motion of defendants Thomas F. Taylor, M.D., and Associated Radiologists of the Finger Lakes, P.C., for summary judgment dismissing the amended complaint and any cross-claims against them. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting in part the motion of defendants Thomas F. Taylor, M.D. and Associated Radiologists of the Finger Lakes, P.C. and dismissing the amended complaint against those defendants insofar as it asserts that defendant Thomas F. Taylor, M.D. was negligent in failing to order a CT scan and as modified the order is affirmed without costs.
Memorandum: In this medical malpractice and wrongful death action, plaintiff alleges, inter alia, that defendant Thomas F. Taylor, M.D. was negligent in connection with his reading and report of chest x-rays taken when plaintiff's decedent sought treatment at an emergency room for pain following several falls, that a proper reading and report should have resulted in the more timely detection and treatment of decedent's lung cancer, and that defendant Associated Radiologists of the Finger Lakes, P.C. (Associated Radiologists), was vicariously liable for Taylor's negligence. Taylor and Associated Radiologists (collectively, defendants) appeal from an order that, inter alia, denied their motion for summary judgment dismissing the amended complaint and any cross-claims against them.
"[A] defendant moving for summary judgment in a medical malpractice action has the [initial] burden of establishing the absence of any departure from good and accepted medical practice or that the plaintiff was not injured thereby" (Bubar v Brodman, 177 AD3d 1358, 1359 [4th Dept 2019] [internal quotation marks omitted]; see Campbell v Bell-Thomson, 189 AD3d 2149, 2150 [4th Dept 2020]). "To meet that burden, a defendant must submit in admissible form factual proof, generally consisting of affidavits, deposition testimony and medical records, to rebut the claim of malpractice by establishing that [the defendant] complied with the accepted standard of care or did not cause any injury to the patient" (Edwards v Myers, 180 AD3d 1350, 1352 [4th Dept 2020] [internal quotation marks omitted]; see Groff v Kaleida Health, 161 AD3d 1518, 1520 [4th Dept 2018]). " '[T]he burden shifts to the plaintiff to demonstrate the existence of a triable issue of fact only after the defendant . . . meets the initial burden . . . , and only as to the elements on which the defendant met the prima facie burden' " (Bubar, 177 AD3d at 1359).
We agree with defendants that Supreme Court erred in denying that part of their motion seeking dismissal of the amended complaint insofar as it asserts that Taylor "negligently fail[ed] to order a CT scan of [decedent's] chest." We conclude that defendants met their initial burden of establishing entitlement to judgment as a matter of law with respect to that claim (see Nesterenko v Hall, 239 AD3d 1314, 1315 [4th Dept 2025]). By not submitting the requisite expert medical response in opposition to defendants' showing, plaintiff failed to raise a triable issue of fact with respect to that claim (see id.; see also Webb v Scanlon, 133 AD3d 1385, 1387 [4th Dept 2015]). We therefore modify the order accordingly.
Contrary to defendants' further contention, the court did not err in denying their motion insofar as it sought summary judgment dismissing the remainder of the amended complaint against them. With respect to the issue of deviation from the standard of care, although defendants met their initial burden on the motion by submitting the affidavit of an expert who opined that Taylor correctly read the chest x-rays and reported his findings to decedent's treating providers in the emergency department, we conclude that plaintiff's expert raised a triable issue of fact sufficient to defeat the motion (see generally Mason v Adhikary, 159 AD3d 1438, 1439 [4th Dept 2018]). With respect to the issue of proximate cause, we conclude that defendants failed to meet their initial burden and thus the burden never shifted to plaintiff on that issue (see Bubar, 177 AD3d at 1359).
Entered: February 11, 2026
Ann Dillon Flynn
Clerk of the Court