Bray v Popat

2026 NY Slip Op 02536

April 24, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

MEG BRAY AND BRIAN BRAY, PLAINTIFFS-RESPONDENTS,

v

SAURIN POPAT, M.D., DELAWARE MEDICAL GROUP, P.C., DEFENDANTS-APPELLANTS, ET AL., DEFENDANTS.

Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department

Decided on April 24, 2026

190 CA 25-00220

Present: Curran, J.P., Montour, Smith, Ogden, And Delconte, JJ.

ROACH, BROWN, MCCARTHY & GRUBER, P.C., BUFFALO (J. MARK GRUBER OF COUNSEL), FOR DEFENDANTS-APPELLANTS.

LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (JOHN A. COLLINS OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS.

Appeal from an order of the Supreme Court, Erie County (Emilio Colaiacovo, J.), entered January 24, 2025, in a medical malpractice action. The order denied the motion of defendants Saurin Popat, M.D., and Delaware Medical Group, P.C., for summary judgment.

[*1]

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: In this medical malpractice action, Saurin Popat, M.D. and Delaware Medical Group, P.C. (defendants) appeal from an order that denied their motion for summary judgment dismissing the "Amended/Supplemental" complaint against them. We affirm.

Contrary to defendants' contention, we conclude that, although they met their initial burden on their motion by establishing that they did not deviate from the accepted standard of care, plaintiffs raised triable issues of fact with respect to that element sufficient to defeat the motion (see generally Thompson v Hall, 191 AD3d 1265, 1267 [4th Dept 2021]). With respect to plaintiffs' opposition papers, we initially reject defendants' contention that plaintiffs' expert was unqualified to render an opinion regarding the issues in this case. Plaintiffs' anonymous expert averred in their expert affirmation that they are a physician, duly licensed to practice medicine, and that they are board certified by the American Board of Surgery with a clinical focus in endocrine surgery. The affirmation established that "[t]he specialized skills of [the] expert as demonstrated through [their] board certifications, taken together with the nature of the medical subject matter of th[e] action, are sufficient to support the inference that [their] opinion regarding [the] treatment [at issue] was reliable" (Nowelle B. v Hamilton Med., Inc., 177 AD3d 1256, 1258 [4th Dept 2019] [internal quotation marks omitted]; see Hilbrecht v Greco, 189 AD3d 2073, 2074 [4th Dept 2020]). Plaintiffs' expert opined in their affirmation, inter alia, that Popat's assessment, diagnosis and treatment of plaintiff Meg Bray's condition fell below the accepted standard of care, thus presenting a "classic battle of the experts" that precludes summary judgment (Hilbrecht, 189 AD3d at 2074 [internal quotation marks omitted]).

Entered: April 24, 2026

Ann Dillon Flynn

Clerk of the Court